**Craig H. CALDWELL etc., Plaintiff,**

v.

**Thomas O. METCALFE, Jr., etc., et al., Defendants.**

**No. CIV–2–77–108.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 2, 1977.

On Motion to Dismiss March 15, 1978.

---

J. D. Lee Law Offices, Madisonville, Tenn., Wendal D. Jackson, Bristol, Tenn., for plaintiff.

Jonathan H. Burnett, Hodges, Doughty & Carson, Knoxville, Tenn., for Bendix Corporation, etc.

M. Lacy West, Kingsport, Tenn., for Sealy Mattress Co.

J. Paul Coleman, Herndon, Coleman, Brading & McKee, Johnson City, Tenn., for Cardinal Aviation, Inc.

McAfee Lee, Knoxville, Tenn., for Appalachian Flying.

Thomas Leitner, Mann, Warner & Owens by R. Vann Owens, Chattanooga, Tenn., for Raleigh-Durham Aviation.

Kern & Wooley, Santa Monica, Cal., Matlack, Foote, Scott, Joseph & Wilkinson, Wichita, Kan., David L. Franklin, Luther, Anderson, Cleary, Luhowiak & Cooper, Chattanooga, Tenn., for United Instruments Corp.

Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for Teledyne-Continental, Inc.

R. Hunter Cagle, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., for Cessna Aircraft Co.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended (1) that Craig H. Caldwell, administrator of the estate of Samuel B. Cannon, Jr., be substituted for Samuel B. Cannon, III as the party plaintiff herein, Rule 17(a), Federal Rules of Civil Procedure, and (2) that the respective motions of the corporate defendants, that this action be dismissed (a) because it was not brought in the name of the real party in interest, *idem.*, and (b) because of the failure of the plaintiff to join a necessary party, Rule 19, Federal Rules of Civil Procedure, be denied. 28 U.S.C. § 636(b)(1). Such magistrate filed such recommendations with the Court on November 17, 1977, and a copy thereof was mailed the same day to all parties. 28 U.S.C. § 636(b)(1)(C). No timely written objection to such recommendations was served and filed. 28 U.S.C. § 636(b)(1).

The Court hereby ACCEPTS such recommendations. *Idem.* The aforenamed decedent's cause of action passed upon his death to, *inter alia*, his personal representative for the benefit of his next-of-kin, T.C.A. § 20.–607, and such personal representative was authorized to commence this action, T.C.A. § 20–608. This action could not have been dismissed for the original plaintiff's failure to prosecute it in the name of the real party in interest until ratification of its commencement by, *inter alia*, the substitution of the real party in interest. Rule 17(a), *supra*. The granting of the motion for such substitution has the same effect " * * * as if [this] action *had been commenced in the name of the real party in interest.*" Rule 17(a), *supra*.

Accordingly, it hereby is ORDERED:

(1) that Craig H. Caldwell, administrator of the estate of Samuel B. Cannon, Jr., is substituted for Samuel B. Cannon, III as the plaintiff herein;

(2) the title hereof is amended so as to so reflect; and,

(3) the respective motions of the defendants Cessna Aircraft Corporation, Teledyne-Continental, Inc., Sealy Mattress Company,

Cardinal Aviation, Inc., Appalachian Flying Service, Inc., Raleigh-Durham Aviation, Inc., The Bendix Corporation, Electrical Components Division, and United Instruments, Inc. for a dismissal of this action are OVERRULED.

## ON MOTION TO DISMISS

A magistrate of this district recommended that the motion of The Bendix Corporation, etc., for a dismissal of this action against it, Rule 12(b)(1), Federal Rules of Civil Procedure, as barred by T.C.A. § 28–304, be denied. 28 U.S.C. § 636(b)(1). Such recommendation was filed with the Court, and a copy thereof was mailed to all parties hereto on February 28, 1978. 28 U.S.C. § 636(b)(1)(C). No timely written objections thereto were served and filed. 28 U.S.C. § 636(b)(1). Such recommendation hereby is ACCEPTED. *Idem.*

■ This action was commenced initially within 1 year after the cause of action arose. It was dismissed without prejudice and was refiled within 1 year after such dismissal. Subsequently, the present plaintiff was substituted, and such substitution had the same effect as if the refiled action had been commenced in the name of the real party in interest. See memorandum opinion and order herein of December 2, 1977. The present action by the substituted plaintiff is timely. T.C.A. § 28–106; see *Privett v. West Tennessee Power & Light Co.*, D.C.Tenn. (1937), 19 F.Supp. 812, 813–814[1], affirmed on the opinion of the District Court, C.C.A. 6th (1939), 103 F.2d 1021–1022.

The motion of February 6, 1978 of the defendant The Bendix Corporation, etc., accordingly, hereby is

DENIED.