Porter, J.
The plaintiffs claim the amount of sundry goods, furnished to the defendant, according to an account annexed to the petition.
He pleaded the general issue, and, that he was not liable, because the account had been created by William Kirkland, a person not of age, and, for whom he was not responsible.
There was judgment for the plaintiffs, and the defendant appealed.
The testimony given on the trial, comes up with the record, and there are four bills of exceptions.
The first is to the admission of the clerk of the plaintiffs. It does not appear to me that the court erred in admitting him to testify. There is no rule of evidence better understood, than that which establishes, that persons standing in his situation, are competent witnesses. Phil. Evid. 99.
The second is, to the introduction of an account, because it was not added up, and because it gave in items, what was stated in the petition, as a general balance. It appears *464 to me, that the objection, if of any value, was to the insufficiency of the evidence, and not to its legality.
The third is to the following question, being allowed to be put to a witness, " was not the defendant in the habit of paying accounts contracted by his children, in the stores at St. Francisville, previous to the time, when the goods charged were delivering.” This objection was on the ground, that it had no bearing on the matter in issue; but was evidence, if evidence at all, of matters between other parties. It perhaps had not any very material bearing, as to the point on which the parties were at issue; but the objection, I think, lay to its effect, when received, and not its introduction.
The fourth, was to the admission of the affidavit of C. Tutle, who was proved to have been deceased at the time it was offered in evidence. As this affidavit was made ex parte, and the defendant had no opportunity to examine the witness, it is my opinion that the district judge erred in suffering it to go to the jury.
I am therefore of opinion, that the judgment of the district court, be annulled, avoided *465 reversed, and that this cause be remanded for a new trial, with directions to the judge not to receive in evidence the affidavit of C. Tutle, and that the plaintiffs and appellees pay the costs of this appeal.
Eustis for the plaintiff, Smith for the defendant.