Strong v High.

JASPER STRONG *v.* SOLOMON HIGH.

Where an agent whose duty it was to procure insurance for his principal, neglects to do so, he will be responsible for any loss which may result from his neglect.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Micou,* for the plaintiff. No counsel appeared for the defendant.

GARLAND, J. The plaintiff was owner of three-fifths of the steamer Columbia, engaged in the trade between this city and Mobile. The defendant was his special agent and attorney in fact in this city, for the purpose of attending to the business of the boat, collecting the money earned, and doing every thing necessary to the interests of the plaintiff, and for making the business as profitable as it was in his power to do, for which he was to receive a specific compensation. He also had power to sell or mortgage the boat, to appoint officers, &c. He appointed a captain, and acted as agent until the steamer was finally lost. In November, 1836, he effected an insurance on the boat for three months. In March following, the policy was renewed for the same space of time, and again on the 3d of June, 1837, for three months. The last policy was made at the instance of Leverich, who was the general agent of the plaintiff in other matters ; and the defendant promised that he would continue it, and deposit the policy with Leverich, who had, on the faith of that promise, become security for the plaintiff for a considerable sum ; and the policy was to have been left with him as an indemnity in case of loss, or damage resulting from the suretyship.

The defendant neglected to renew the policy on the 3d of September, 1837, and on the 6th of October following, the boat was

Strong v. High.

lost in a storm on Lake Ponchartrain. This suit is to recover the value of three-fifths of the steamer. The plaintiff had a judgment for $6840, and the defendant has appealed.

The Civ. Code, arts. 2971 and 2972, makes an agent an attorney in fact responsible to his principal for his fault, neglect, or unfaithful management. Story on Agency, 212, says, " if an agent, who is bound to procure insurance for his principal, neglects to procure any, and a loss occurs to his principal from a peril ordinarily insured against, the agent will be bound to pay the principal the full amount of the loss occasioned by his negligence." So if he procure an insurance from underwriters notoriously in bad credit, or insolvent, and a loss occur. This court, in 6 La. 583, held, where a mercantile firm was part owner of a steamboat, and acted as agent for a co-proprietor at a distance to insure his interest therein, and afterwards discontinued such insurance without instructions from or notice to him, and the boat was lost, that the agents would be liable for the uninsured interest. In 6 Mart. 653, is a case equally strong.

From the contract with Leverich, the defendant seems to have been sensible of his duty or obligation to keep the boat insured ; and his conversation with that gentleman, soon after the loss, goes to confirm this opinion. His remark, that he would have sworn the boat was insured, proves that he was sensible that he ought to have had it done. When High insured the boat in November, 1836, three days after the plaintiff purchased her, it is to be presumed that it was done by the orders of, or with the consent of the plaintiff. His renewal of the policy afterwards, proves that he knew it was his duty to do so ; and having since neglected to comply with it, he must be held responsible.

*Judgment affirmed.*