RICHARD M. KIRKBY and another *v.* ROBERT C. ARMISTEAD.

An agent is responsible for any damage that may result from his neglect of duty. C. C. 2971, 2972.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*C. M. Jones*, for the plaintiffs.

*Van Matre*, for the appellant.

SIMON, J. This case presents a mere question of fact, which was solved below in favor of the plaintiffs, who had judgment for the sum of $200, and the defendant appealed.

It appears that in March, 1839, the defendant undertook to ship to Liverpool, by way of New York, to the address of one of the plaintiffs, a small quantity of silver plate, said in the petition to be of the value of $300. The plate was the property of the plaintiffs, they having inherited the same from their father, and was delivered by their agent to the defendant for the purpose aforesaid, contained in a small trunk, ten dollars being also paid to him to defray the expenses. In the beginning of 1840, the defendant having been asked by the plaintiffs' agent, if he had shipped the plate, answered *affirmatively*, but said *he had not yet received advice of its arrival at New York.* Several months afterwards, as the agent had received accounts from England that the plate had not arrived there, he wrote to the defendant for information on the subject, who answered, on the 16th September, 1840, that it was burnt during the fire which had entirely destroyed the building he then occupied, and that no trace of it was found among the few articles saved. Various estimations have been put upon the plate by the witnesses on both sides. The agent says that he supposed it to be worth from $250 to $300. One of the defendant's witnesses says, that he would not have given $50 for the trunk and contents ; and another proves that the defendant offered to pay one hundred dollars to compromise the matter. It is also admitted by the defendant, that vessels are continually sailing from New Orleans to New York. It is shown that said defendant is a merchant in this city ; that there is no difficulty to be found in shipping goods to New York or Liverpool ; and that there are always ships

and packets leaving for the latter places, by which the smallest kind of package could be sent without any difficulty.

We think the defendant is responsible. He has not attempted to adduce any proof to show that he made any effort to comply with his obligation, which, from the moment that he undertook and promised to ship and forward the objects delivered to him to their destination, had become that of an agent, except that one of his witnesses says, that about a month after the trunk had been brought to his store, the defendant having gone to see to get it on board a ship, afterwards returned, and told witness that the ship would not take it. No account is given of the fire alluded to in his answer to the agent, any further than that the store of the defendant was burnt in the spring of 1840, at least a year after the plate was put in his possession, and that nothing was saved from the upper stories of his store, where the trunk had been deposited and kept. No witness, however, undertakes to swear that it was there at the time of the fire; and if it was, it is clear that the defendant had neglected for one year to perform the obligation which he had voluntarily contracted, and he must be bound by the consequences of his neglect. Civil Code, arts. 2971, 2972, 2973. 7 Mart. 464. 4 La. 28. 2 Rob. 103.

It does not appear to us that the value put upon the plate by the judgment appealed from, is excessive.

*Judgment affirmed.*