## COLTART *vs.* ALLEN.

| 40 | 155 |
|---|---|
| 101 | 204 |
| 40 | 155 |
| 105 | 595 |
| 40 | 155 |
| 108 | 31 |
| 40 | 153 |
| 117 | 506 |
| 40 | 155 |
| 131 | 583 |

[APPLICATION FOR REVOCATION OF LETTERS OF ADMINISTRATION.]

1. *Grant of administration on estate of decedent who resided in another county.*—A grant of letters of administration by the probate court, on the estate of a decedent who resided in another county at the time of his death, is voidable only, and not absolutely void; and a subsequent grant of letters, by the probate court of the proper county, is absolutely void until the revocation of the former letters, and confers on the person appointed no such interest as will entitle him to apply for their revocation.

APPEAL from the Probate Court of Jackson.

IN the matter of the estate of Jehu W. Geron, deceased on the application of Robert W. Coltart for the revocation of letters of administration previously granted by said probate court to Minerva Allen. The grant of administration to the defendant was made on the 16th December, 1865, under a petition which alleged that the decedent was a resident of Jackson county at the time of his death. On the 8th February, 1866, the probate court of Madison granted letters of administration on said estate to Coltart, who then filed his petition in the probate court of Jackson, asking the revocation of the letters granted to Mrs. Allen. On the evidence adduced, all of which is set out in the bill of exceptions, the probate court dismissed the petition, and refused to revoke the letters of administration. The petitioner excepted to the ruling and decree of the probate court, and he now assigns the same as error.

WALKER, BRICKELL & LEWIS, for appellant.

CHILTON & THORINGTON, and S. F. RICE, *contra.*

A. J. WALKER, C. J.—Administration upon the estate of Jehu W. Geron, deceased, was granted to Minerva Allen, by the probate court of *Jackson county.* Afterwards, admin-

istration upon the same estate was granted to Robert W. Coltart, by the probate court of Madison county. Coltart applied to the probate court of Jackson, to revoke the administration granted by it to Minerva Allen, and based the application upon the allegation, that the intestate was, at his death, an "inhabitant" of Madison county, and not of Jackson county, in which the first administration was granted. Evidence was received as to the inhabitancy of the intestate at the time of his death, and the probate court of Jackson county overruled the motion for a revocation of the administration of Minerva Allen.

· The question of the county of the intestate's inhabitancy, depends upon oral and conflicting testimony. Without regard to the merits of that question, the judgment of the probate court must be affirmed. This conclusion is attained as the result of the following propositions : 1st, that the appointment in Jackson county was not void, but voidable, upon the concession that the evidence proves the inhabitancy to have been in Madison ; 2d, that the administration in Jackson being merely voidable, the later administration, granted pending the prior, is void ; and, 3d, that the application for the revocation of the letters in Jackson county is by a person setting up a void administration, and therefore having no interest in the subject, and was properly overruled for that reason.

The probate court, in granting administration, is a forum of general jurisdiction.—*Ikelheimer v. Chapman*, 32 Ala. 676. The validity of the grant of administration does not depend upon the recital of jurisdictional facts. The order here discloses upon its face no defect of jurisdiction ; but it is contended that the want of jurisdiction may always be shown by testimony extrinsic of the record, and that the order is thus demonstrated to be void. This may be true, when the question is as to jurisdiction over the subject-matter, which is bestowed by the law, and can not be conferred by consent. But such is not the question here. The constitution gives a general jurisdiction to grant administration. This is the source of the jurisdiction over the subject. The statute distributes the cases arising under that grant among the different courts of the State according

to locality. The locality of the court, therefore, concerns jurisdiction of the case, which is distinguishable from jurisdiction over the subject-matter. The court having jurisdiction over a certain class of cases, its error in adjudging some particular case belonging to that class, which properly pertains to a court of the same authority in another locality, does not make the judgment void, but simply voidable by a direct proceeding for that purpose. The question has been repeatedly so decided by courts and jurists of the highest repute, upon reasoning which ingenuity can scarcely oppose.—*Burnstead v. Read*, 31 Barb. 661; *Dyckman v. Mayor*, 1 Sel. 443; *Raborg v. Hammond*, 2 Har. & Gill, 42; *Wilson v. Ireland*, 4 Md. 444; *Ex parte Barker*, 2 Leigh, 719; *Andrews v. Avory*, 14 Gratt. 229; *Fisher v. Bassett*, 9 Leigh, 119; *Burnley v. Duke*, 2 Rob. 103; *Burdett v. Slisbee*, 15 Texas, 505; *Petigru v. Ferguson*, 6 Rich. Eq. 378; *Clapp v. Beardsley*, 1 Vermont, 151; Washburn's Digest, 407, § 1; *McFarland v. Stone*, 17 Vermont, 165. The argument of the point is fully set forth in the cases cited, and in Lomax on Executors, vol. 1, pp. 349, 350, 351.

The doctrine, that an administration granted in a county other than that prescribed by the statute is voidable, commends itself by its conservatism, and its avoidance of the bad consequences of the opposite doctrine. Where the question is, as here, one of doubt as to the county to which the administration belongs, there may be two administrations; debtors may be subjected, by the verdicts of different juries, to two judgments for the same debt; and great confusion and injury may result, if an administration can be collaterally assailed upon such ground.

There are decisions in this State, to the effect that an administration is absolutely void, when the testator died and resided in another State, and there were no assets in this State.—*Bradley v. Broughton*, 34 Ala. 694; *Miller v. Jones*, 26 Ala. 247; *Treadwell v. Rainey*, 9 Ala. 59; *Gayle v. Blackburn*, 1 St. 429. These decisions were made in reference to cases where there was no ground of jurisdiction in any court of the State. Here, the question is simply as to which of two courts, of precisely the same jurisdiction, should take cognizance of the case. There is no decision

in this State opposed to the propositions of this opinion.
It is admitted that there are several decisions in other
States, which are in conflict with our argument; but they
are wrong in principle, and opposed by the decisions which
are above cited, and by the authority of Lomax, an able
writer on the subject of executors and administrators.

The administration in Jackson county was valid until it
was vacated, even if it was wrongfully granted. There can
not be two valid administrations upon the same estate,
within this State, at the same time. The administration in
Madison was, therefore, void. The point was expressly so
decided in *Petigru v. Ferguson, supra.* It is argued for the
appellant, that notwithstanding the administration in Jack-
son county may have been valid until set aside in a direct
proceeding, the administration in Madison would be valid;
and we are referred as authority for the position to 1 Co-
myn's Digest, 494, *Administrator, B,* 3; where it is said,
that "after an administration by the archbishop, if the
bishop to whom it belongs grant administration, and then
the first administration is repealed, the administration
granted before the repeal stands good." To support this
doctrine, *Sir John Needham's case,* (8· Co. Rep.) is referred
to by Comyn. To the understanding of that case it is
necessary to observe, that, in England, the appointment of
an administrator appertained to the prerogative court of
the archbishop of the province, where there were *bona no-
tabilia* in two or more dioceses; but to the court of the
bishop of the diocese, where there were *bona notabilia* only
in that diocese.—Roger's Eccl. Law, 967. In *Sir John
Needham's case,* an administration was granted by the pre-
rogative court; afterwards, administration was granted by
the proper ecclesiastical court of the diocese; and after
that, the prior administration by the prerogative court was
pronounced and declared void, *"pro nulla et invalida ad om-
nem juris effectum."* It was adjudged, upon a collateral
attack upon the validity of the prior administration, that it
was in truth voidable only, but must be treated as void ab-
solutely, because it had been so declared by a judgment, to
which credit must be given. The prior administration being
treated as void, the subsequent administration was held to

be valid. The decision is not an authority, that a second valid administration can be granted pending one which is merely voidable. It is said in that case, that the authority of the second administration is suspended until the first is revoked. However the law upon the subject may have been under the English ecclesiastical system, it is not at all certain that, under our system, a grant of administration could be made, which, though not effective at the time, might take effect at some future time, upon the revocation of the prior administration. But, conceding that the administration in Madison was merely suspended, until the former administration in Jackson was revoked, the authority of the administrator under the latter grant would await the revocation, and he could not make the motion for revocation. He would have no authority until the revocation was made.

Affirmed.

BYRD, J.—After a careful examination of the record, we are satisfied that the grant of administration to appellee, by the probate court of Jackson county, is not void; and this conclusion being arrived at, it follows that the probate court of Madison county had no authority to grant administration on the same estate, so long as the grant by the probate court of Jackson county was unrevoked or unreversed. If the courts had concurrent jurisdiction as to the subject-matter—that is, the grant of letters of administration of deceased persons—the court which first assumed jurisdiction must, *ex necessitate rei*, be exclusive, at least until the action of the first court which took jurisdiction is set aside and annulled. It follows, that the grant of letters to Coltart conferred on him no authority, nor any interest which authorized him to institute this proceeding to vacate and revoke the letters of administration granted by the probate court of Jackson county to appellee; and for this, if for no other reason, the judgment of the probate court on this proceeding must be affirmed, on the authority of the cases of *Burdett v. Silsbee*, 15 Texas, 604; *Burnstead v. Read*, 31 Barb. 661.