Nathaniel and Clotile Mounger brought this action against Patricia Brown and Wayne Bradshaw for the wrongful death of their son, Nathan Mounger, who was killed on October 19, 1983, in an automobile accident in Calhoun County, Alabama. At the time of the accident, Nathan was 30 years old and a resident of Georgia, and the Moungers were residents of Michigan. The Moungers filed their complaint on October 19, 1984, alleging that they were the administrators of the estate of Nathan Mounger. The Moungers did not receive letters of administration in any state, however, until May 13, 1987, when they received such letters in Mississippi. Bradshaw entered into a pro tanto settlement with the Moungers and was dismissed as a defendant. On February 3, 1988, Brown filed a motion for summary judgment, but the court denied that motion. Brown then petitioned this Court for permission to appeal from the trial court's interlocutory order. This Court granted permission to appeal pursuant to the provisions of Rule 5, A.R.App.P., to determine whether the Moungers can maintain this action.
This case is similar to Downtown Nursing Home, Inc. v. Pool,375 So.2d 465 (Ala. 1979), cert. denied, 445 U.S. 930,100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). In Pool, the decedent died on November 24, 1976. Suit was filed by the decedent's son on November 23, 1977. It was subsequently discovered that the plaintiff had not been appointed executor or administrator of the estate. On February 5, 1979, the plaintiff sought to amend the complaint to substitute as plaintiff, Pool, as administrator of the estate. Pool had not been named administrator until February 5, 1979. We held:
 "Our wrongful death statute, Code 1975, § 6-5-410, in pertinent part provides that:
 " '(a) A personal representative may commence an action. . . .
" '. . . .
 " '(d) Such action must be commenced within two years from and after the death of the testator or intestate.'
 "This action is statutory and did not exist at common law. Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911). Under this statute the cause of action is vested in the personal representative, who acts as an agent of legislative appointment for the purpose of effectuating public policy. And this right is vested in the personal representative alone, except in the case of minors. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 (1911). *Page 464 
 "The words 'personal representative' are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965).
 "The statute requires that the action must be brought within two years after the death of the testator or intestate. This two year period is part of the substantive cause of action and is not to be treated as a statute of limitations. The two year period is not a limitation against the remedy only because after two years the remedy expires. Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965); Louisville and N.R.R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681
(1911); Parker v. Fies Son, 243 Ala. 348, 10 So.2d 13 (1942).
 "In Strickland v. Mobile Towing and Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a suit was brought under the Jones Act one day prior to the expiration of the three year limitation period. The person bringing the suit was not appointed administrator until two days after the limitation period had expired.
 "In examining the Jones Act, 46 U.S.C.A. § 688, this Court found that the three year limitation period was a condition precedent to any right to bring an action. This is consistent with the construction that has been placed on the limitation period found in the Alabama wrongful death statute.
 "The Court held that any action by the administrator occurring prior to this appointment was a nullity and therefore there was nothing to which an amendment could relate back.
 "In the present case, Johnnie E. Parker filed suit without having been appointed administrator. Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity. Therefore, the doctrine of relation back, found in Rule 15(c), ARCP, does not apply."
375 So.2d at 466. See also Williams v. Nolin, 513 So.2d 111
(Ala. 1987) (memorandum affirmance on the authority of Pool);Cofer v. Ensor, 473 So.2d 984 (Ala. 1985); Guthrie v. HartselleMedical Center., Inc., 477 So.2d 377 (Ala. 1985).
Because the Moungers did not receive letters of administration within two years of Nathan's death, they are prohibited from bringing a wrongful death action against Brown. We hold, therefore, that the trial court erred in not granting Brown's motion for summary judgment.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES and STEAGALL, JJ., concur.