The plaintiff, Isaac Luther Holyfield, as administrator of the estate of Roxie Downs, appeals from a summary judgment in favor of the defendant, Dwayne Alan *Page 187 
Moates, on Holyfield's wrongful death claim. Because we resolve the "relation back of the amendment" issue in favor of the plaintiff, we reverse and remand.
For purposes of appeal, the facts are undisputed. On November 14, 1985, Mrs. Roxie Downs, a resident of Chilton County, Alabama, was fatally injured when she was struck by a pick-up truck, driven by Moates, as she attempted to cross U.S. Highway 31 in Clanton. Dollie Rankin Crenshaw, the granddaughter of Mrs. Downs, was appointed administratrix of the deceased's estate by the Chilton County Probate Court. Crenshaw was, at the time of her appointment, and is still, as far as the record reveals, a resident of Chicago, Illinois.
On September 4, 1987, Crenshaw, in her purported capacity as the personal representative of Mrs. Downs, filed suit in the circuit court against Moates for damages for wrongful death, pursuant to Ala. Code 1975, § 6-5-410. On August 17, 1989, Moates moved for summary judgment, contending that, based on Code 1975, § 43-2-22(a), Crenshaw was disqualified to serve as the administratrix of Mrs. Downs's estate because Crenshaw was not a resident of Alabama. Simultaneously with his filing the motion for summary judgment in circuit court, Moates successfully challenged, in the Chilton County Probate Court, the granting of letters of administration to Crenshaw. The probate court revoked the letters granted to Crenshaw and granted letters of administration to Holyfield.
On September 12, 1989, the circuit court entered summary judgment in favor of Moates, holding, in pertinent part:
 "[T]he Probate Court of Chilton County was without appropriate statutory authority to appoint a nonresident of this state as administratrix of the Estate of Roxie Downs, Deceased, who was a resident of Chilton County at the time of death. The court further finds that it is undisputed that Dollie Rankin Crenshaw was a non-resident of the state of Alabama on July 14, 1987, and that her appointment as administratrix on that date is null and void as a matter of law.
 "In view of the above conclusion, the court further holds that the recent September 1, 1989, appointment of a proper personal representative and the submitted amendment to the complaint can not relate back to the date of the commencement of this suit. This is so because Dollie Rankin Crenshaw did not qualify under § 6-5-410 as a proper personal representative and the lawsuit is therefore a nullity providing nothing to relate back to. . . . See Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala. 1979), cert denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); and Brown v. Mounger, 541 So.2d 463 (Ala. 1989)."
Holyfield, as administrator of Mrs. Downs's estate, appeals from this judgment of the circuit court.
This case presents an issue of first impression in Alabama: Whether the acts of an administratrix who is "duly appointed" by the appropriate probate court are void or voidable where the administratrix is a nonresident of Alabama and, thus, disqualified under § 43-2-22(a) to serve as administratrix. Resolution of this issue is dependent upon whether the order of the Chilton County Probate Court, issuing letters of administration to Crenshaw, was void ab initio or merely voidable.
In Downtown Nursing Home, Inc. v. Pool, supra; and Brown v.Mounger, supra, we held that to bring a wrongful death action pursuant to § 6-5-410, on behalf of the decedent's heirs, the personal representative must be a duly appointed executor or administrator, and that the failure of the personal representative to be so appointed rendered his acts void. Thus, if the two-year period prescribed by the statute has expired before the representative is "duly appointed," the heirs of the decedent are barred from recovery. The theory behind this rationale is that the acts of a nonappointed personal representative are void, and if the two years has expired, an amendment pursuant to Rule 17(a), A.R. Civ.P., will not "relate back," there being *Page 188 
no valid act to which the amendment can relate back.Pool and Brown are factually distinguishable, and we conclude that they do not control the disposition of this case.
Section 12-13-1 establishes the general jurisdiction of probate courts:
 "(b) The probate court shall have original and general jurisdiction over the following matters:
". . . .
 "(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.
". . . .
 "(c) All orders, judgments, and decrees of probate courts shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction."
The Probate Court of Chilton County clearly had subject matter jurisdiction to issue the letters of administration in this case.
In Broughton v. Merchants National Bank of Mobile,476 So.2d 97 (Ala. 1985), we held:
 "The judgment of a probate court is entitled to the same finality as the judgment of any other court of general jurisdiction. A probate court is a court of record and is 'vested with original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates or with orphans' business. . . . Its judgments and decrees are entitled to the "same validity and presumption which are accorded to judgments and decrees of other courts of general jurisdiction." ' Opinion of the Justices, 280 Ala. 653, 657, 197 So.2d 456, 460 (1967) Furthermore, '[w]here jurisdiction has attached, a decree of the Probate Court, within its sphere of jurisdiction, is as conclusive as that of any other court of general jurisdiction, and is aided by the same intendments of law.' White v. Hilbish, 282 Ala. 498, 502, 213 So.2d 230, 234 (1968)."
476 So.2d at 101.
It is well settled in Alabama that where the fact of residence does not exist, the grant of letters of administration is not void, but merely voidable, subject to a direct attack for that purpose. Coltart v. Allen, 40 Ala. 155
(1866); and City of Bessemer v. Clowdus, 258 Ala. 378,63 So.2d 355 (1953). The rationale of Coltart and its progeny is based upon the premise that the probate courts are courts of general jurisdiction, and whether a particular probate court has jurisdiction over a case depends upon whether the deceased was a resident of the county served by that court. Upon a probate court's determining that it has jurisdiction over a case, that determination, right or wrong, is not "void," but rather "voidable."
We see no reason why the same rationale should not be followed in the instant case. Mrs. Downs was a resident of Chilton County, where the petition requesting the letters of administration was filed. Thus, as we have already observed, the Probate Court of Chilton County certainly had subject matter jurisdiction. When a court that has jurisdiction over a case renders an erroneous judgment, that judgment is not void, but rather voidable upon a direct attack or on appeal.
There is nothing jurisdictional about § 43-2-22. While the statute prescribes the fitness of an administrator to serve, it does not prescribe jurisdictional requisites of the probate courts. Violation of § 43-2-22 by the probate court is simply an incorrect application of the law, subject only to a direct attack and/or appeal, as are erroneous judgments rendered by other courts of general jurisdiction.
The order of the Probate Court of Chilton County was voidable only, and not void; thus, it follows that the acts of Crenshaw pursuant to that order were merely voidable. Herein lies the distinction between Pool and Brown, on the one hand, and the instant case, on the other. In both Pool and Brown, the purported plaintiffs, although calling themselves the personal representatives, were suing individually without acting in any duly appointed capacity to represent the respective estates there involved. Here, although erroneously granted, the letters of administration were, in fact, issued. *Page 189 
The term "jurisdiction" has often been the source of considerable confusion. In its broadest sense, jurisdiction refers to the court's power to act. Traditionally, when used in this sense, jurisdiction was determined by the use of a two-step analysis. "General jurisdiction" referred to the scope of the court's authority. The pertinent inquiry was whether the subject matter in question fell within that broad range of cases in regard to which the court was legally empowered to act and adjudicate controversies. The second step, "particular jurisdiction," went beyond the broad subject matter issue and touched upon the particular facts of a given case; in that step the pertinent inquiry concerned the appropriateness and fitness of the parties, the requisite elements of the offense or claim asserted, and the method by which a party sought to invoke jurisdiction.
At the risk of some degree of oversimplification, we can state, as a general proposition, that whether the second step of the two-step test is employed in determining jurisdiction is oftentimes absolutely vital to the ultimate validity and consequences of the court's judgment. If, for example, step one is the exclusive test of jurisdiction, and that part of the test is satisfied even though the second part of the test is not met, then the judgment rendered is voidable merely and not void. If, on the other hand, the test of jurisdiction retains both aspects of the two-step analysis, and either part of the test is not met, then the challenged action by the court is rendered void ab initio.
A better example of the application of the test of jurisdiction could hardly be found than in the two cases ofEx parte Dison, 469 So.2d 662 (Ala. 1984); and City of Dothanv. Holloway, 501 So.2d 1136 (Ala. 1986). The Dison Court, employing the two-step analysis, voided the criminal convictions at issue there. The Holloway Court, reexamining and overruling Dison, abandoned the second step of the analysis, and thus paved the way for the application of the doctrine of waiver with respect to the defects in the charging instrument. For a full discussion of the dichotomy between "general jurisdiction" and "particular jurisdiction," see Justice Beatty's dissenting opinion in Holloway. It should also be noted here that this Court's recent decision in Brown v. State,565 So.2d 585 (Ala. 1990), did not disturb the holding inHolloway. According to Holloway's holding, if the one-step analysis (that of subject matter jurisdiction) satisfies the test of jurisdiction, then the defects and deficiencies forming the basis for a challenge at the second step of the test may be satisfied by waiver or may be corrected by amendment. That which is void provides no basis for corrective action. That which is merely voidable is viable until declared void and it will support both a waiver and an amendment.
Moreover, our holding is mandated by Rule 17(a), A.R.Civ.P. The corresponding Federal rule was interpreted and applied inHess v. Eddy, 689 F.2d 977 (11th Cir. 1982), cert. denied,462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983). After quoting the pertinent part of Rule 17, F.R.Civ.P. (which is identical to the language of our Rule 17), the Court of Appeals for the 11th Circuit stated:
 "The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred."
689 F.2d at 980. (Emphasis in original.) See, also, Burcl v.North Carolina Baptist Hospital, 306 N.C. 214, 293 S.E.2d 85
(1982) (allowing foreign administrator not qualified in North Carolina to amend complaint after expiration of the limitations period, citing Rules 15(c) and 17(a), which allow change in capacity to relate back).
We are committed to a strong policy of following federal cases interpreting a rule of procedure where the wording of the federal rule and the wording of the state rule are substantially the same. Ex parte Duncan Construction Co.,460 So.2d 852 *Page 190 
(Ala. 1984); and Ex parte Scott, 414 So.2d 939 (Ala. 1982). We hold, therefore, that the trial court erred in entering summary judgment and in not allowing the amendment substituting the name of the real party in interest to relate back to the time suit was filed.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON, SHORES and HOUSTON, JJ., concur in the result.