The ESTATE OF Emma J. KITZMAN, Plaintiff-Appellant,

v.

Christian R. KITZMAN, Steven R. Stadler, Milwaukee Mutual Insurance Company, State Farm Insurance Company, Medicare Part A, Through Its Intermediary Blue Cross & Blue Shield, and Medicare Part B, Through Its Intermediary Wisconsin Physician Service, Defendants-Respondents.†

Court of Appeals

*No. 90–1616. Submitted on briefs November 29, 1990.—Decided May 16, 1991.*

(Also reported in 471 N.W.2d 293.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Paul J. Lenz* of Altoona.

For the defendant-respondent, Christian R. Kitzman and Milwaukee Mutual Insurance Company, the cause was submitted on the briefs of *Maris Rushevics* of *Anderson, Shannon, O'Brien, Rice & Bertz* of Stevens Point.

For the defendant-respondent, State Farm Insurance Company, the cause was submitted on the briefs of *John D. Claypool,* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.    Janet Hacker, as the personal representative of the estate of Emma Kitzman, appeals from a judgment dismissing the complaint against the defendants. The complaint is brought in the name of the estate. We hold that the appellant was entitled to amend

the complaint under sec. 802.09, Stats. We therefore reverse.

The summons and complaint were filed on February 9, 1990. The complaint seeks damages from the defendants for injuries Kitzman suffered in an automobile accident. The parties agree that the statute of limitations barred the claim after February 27, 1990. In May 1990, the defendants moved to dismiss on grounds that the estate has no capacity to sue. The trial court granted the motion in June 1990, citing sec. 777.01, Stats. That statute provides in relevant part that if a cause of action survives, the executors or administrators may maintain an action if the decedent could if living. The court stated that it would "be willing to give all the liberal considerations to amendment of the pleadings," but was unable to do so because the complaint was a nullity, and therefore no action had been commenced before the running of the statute of limitations.

The appellant concedes that the estate lacks the capacity to sue. She argues that she should have been allowed to amend the complaint under sec. 802.09, Stats. Whether the defect in the complaint bars such amendment is a question of law we decide without deference to the trial court. Section 802.09, Stats., provides in relevant part:

> (1)   A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed . . ..
>
> . . ..
>
> (3)   If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original

pleading, the amendment relates back to the date of the filing of the original pleading.

In *Korkow v. General Cas. Co. of Wis.,* 117 Wis. 2d 187, 344 N.W.2d 108 (1984), the court concluded that an amendment adding a new plaintiff asserting a new claim based on the same events relates back to the original complaint:

> The evident purpose behind sec. 802.09(3), Stats., . . . is to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised. There is nothing in either the language or the purpose of the rule evidencing its inapplicability to amendments changing plaintiffs. Provided a defendant is fully apprised of a claim arising from specified conduct by the original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be permitted to make a statute of limitations defense.

*Id.* at 196, 344 N.W.2d at 113 (citation omitted).

Here, as in *Korkow,* the defendants were fully apprised of the claim by the original complaint. Nothing in that complaint need change other than its references to the identity of the plaintiff. Amendment will not prejudice defendants.

The defendants argue that because sec. 802.09(3), Stats., allows a "party" to amend a pleading, the statute presupposes that an action has been filed by a party with legal capacity to sue. They continue their argument to the effect that if no such action has been filed by a "party," it is as if no summons and complaint had ever been filed. Defendants conclude that the complaint is a nullity, and no pleadings exist which can be amended. We reject the argument.

■

The complaint is not a nullity. It is a poorly drawn pleading which nevertheless amply provides the "fair notice" described by the *Korkow* court as a predicate for allowing amendment under sec. 802.09(3), Stats. It is undeniably defective, but the defect must be disregarded, since it does not affect the substantial rights of the defendants. Section 805.18(1), Stats., provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

Our view of the matter is hardly new or novel. Seventy-eight years ago the United States Supreme Court held that a trial court properly allowed an amendment to add the personal representative as the plaintiff in an action erroneously brought by decedent's mother who lacked capacity to sue. *Missouri, K.&T. Ry. v. Wulf,* 226 U.S. 570 (1913). Other courts have rejected the "nullity" argument. *See Goss v. Hutchins,* 751 S.W.2d 821, 824–25 (Tenn. 1988) (although estate cannot sue or be sued, action brought against estate is not a "complete nullity" when personal representative not prejudiced by failure to name him).

■

We conclude that the trial court erred when it ruled it was unable to allow an amendment. Appellant was entitled to amend the complaint "as a matter of course" under sec. 802.09(1), Stats., since the amendment would have been within six months of the filing of the complaint. On remand, the trial court should allow the plaintiff a reasonable time to amend her complaint. The amendment will relate back to the date of the original

complaint. Section 802.09(3), Stats.[1]

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[1]One defendant argues that since the plaintiff never filed an amended complaint, the doctrine of relation back of amendments was not presented to the trial court, and therefore we should reject that argument as being presented for the first time on appeal. While it is true that plaintiff did not file amended pleadings, at the hearing on defendants' motion to dismiss, plaintiff's counsel stated three times that amendment of the complaint was the proper response to the defendants' motion. Such a filing would have been futile after the trial court's ruling. The argument was sufficiently presented to the trial court.