This case involves the doctrines of relation back and ratification relative to a medical malpractice action based on the alleged wrongful death of Huston O. Hilburn, husband of the plaintiff, Shirley Ruth Hilburn. We affirm the trial court's interlocutory order holding that the wrongful death complaint, filed by Mrs. Hilburn before she was appointed administratrix of her husband's estate, and while she was purporting to act not as administratrix but as her husband's "next of kin," could be amended by Mrs. Hilburn, after the two-year statutory limitations period had expired, to indicate that within the two-year limitations period she had been appointed administratrix and that she was prosecuting the action as administratrix.
Mr. Hilburn died on November 11, 1992, while under the care of Dr. C. Neal Ellis; the cause of death was sepsis and peritonitis caused by fecal contamination through cecal perforation of the bowel. Almost two years after her husband's death, Mrs. Hilburn filed a complaint, on October 21, 1994; she sued individually and as "next-of-kin" of her husband, alleging that Dr. Ellis's care and treatment of her husband fell below the acceptable standards of professional practice.
On November 10, 1994, the day before the expiration of the two-year limitations period for filing a wrongful death claim, Mrs. Hilburn was appointed administratrix of her husband's estate. On December 7, 1994, Dr. Ellis filed a motion to dismiss based upon the Alabama Medical Liability Act of 1987 and for failure to state a claim upon which relief could be granted. On January 20, 1995, Dr. Ellis filed a second motion to dismiss, contending that the complaint failed to state a claim and contending that it had been filed *Page 237 
by one not entitled to file a wrongful death action. Mrs. Hilburn had sued individually and as "next-of-kin," but not as administratrix of Mr. Hilburn's estate.
On January 30, 1995, although the two-year limitations period had by then expired, Mrs. Hilburn sought to amend her complaint to indicate that, within the limitations period, she had been appointed administratrix of her husband's estate and that she was suing in that capacity. On March 15, 1995, the trial court, with consent of the parties, entered an order allowing Mrs. Hilburn to amend her complaint and proceed as administratrix.
On February 22, 1996, Dr. Ellis filed an answer, raising as a defense that the complaint failed to state a claim upon which relief could be granted because, he claimed, the face of the original pleadings showed that the action had not been properly filed within the two-year limitations period contained in the Alabama Wrongful Death Act, § 6-5-410, Ala. Code 1975. Specifically, Dr. Ellis argued, the action was barred because Mrs. Hilburn had not sued as administratrix of the estate within two years of her husband's death.
On February 29, 1996, Dr. Ellis moved for a judgment on the pleadings, stating that his answer filed on February 22, 1996, had raised the two-year limitations period contained in the Alabama Wrongful Death Act, § 6-5-410, and that "the lawsuit, as it exists, is a nullity . . . because it was not [initially] filed by the personal representative of the [decedent's] estate [and that] . . . the amended complaint is a nullity because it cannot relate back to the original complaint." On March 13, 1996, the trial court denied the motion for judgment on the pleadings. In response, Dr. Ellis requested an explanation for that denial. On March 22, 1996, the trial court entered an order stating these reasons for denying the motion:
 "(1) Although Shirley Ruth Hilburn was not properly appointed as personal representative prior to the filing of this civil action, she was duly appointed within two years of Huston O. Hilburn's death. The Court found that her appointment was a ratification of the earlier filing of this civil action.
 "(2) The Court found that the amendment of the complaint to name Shirley Ruth Hilburn as Administratrix of the Estate of Huston O. Hilburn related back to the date of her appointment and that, therefore, this civil action was not barred by the two-year limitation for the filing of a wrongful death claim.
 "(3) Although the plaintiff had argued that the defendant had waived the right to question [a] her capacity, [b] her amendment to the complaint, and [c] the timeliness of this lawsuit, the Court did not find a sufficient basis upon which to find any such waiver."
Dr. Ellis petitioned this Court for permission to appeal the trial court's order denying the judgment on the pleadings. We granted the petition on May 17, 1996.
The relevant dates and events are as follows:
11/11/92 Mr. Hilburn died.
 10/21/94 Mrs. Hilburn, individually and as next-of-kin, sued.
 11/10/94 Mrs. Hilburn was appointed administratrix of the estate.
11/11/94 Two years had passed since the death.
 12/07/94 Dr. Ellis moved to dismiss for failure to state a claim.
 01/20/95 Dr. Ellis moved to dismiss for failure to state a claim and for lack of capacity (i.e., improper plaintiff).
 01/30/95 Ms. Hilburn moved to amend the complaint to name herself as administratrix of the estate. *Page 238 
The determinative issue in this case is whether a wrongful death complaint filed by one acting as "next-of-kin" of the deceased, but who was not at the time the personal representative of the deceased's estate, can be amended after the expiration of the two-year wrongful death limitations period to name the plaintiff as the personal representative, where the "next-of-kin" who filed the original complaint has in fact been appointed administratrix of the estate within the two-year limitations period.
Dr. Ellis argues that Mrs. Hilburn did not file the action as the administratrix within two years of her husband's death, pointing out that the Wrongful Death Statute requires, as a substantive part of the cause of action, commencement of the action within two years of the death of the decedent. He relies on Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465
(Ala. 1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318,63 L.Ed.2d 763 (1980). Dr. Ellis argues that, because the complaint filed in October 1994 was filed by Mrs. Hilburn as "next-of-kin" and not as the administratrix, the complaint was a nullity and therefore could not be amended or corrected. Therefore, he argues, the amended complaint filed in January 1995 is also a nullity because, he contends, it has nothing to relate back to under Rule 15(c), Ala.R.Civ.P.
In Pool this Court addressed similar issues of (1) whether one who is not an administrator of the estate may initially maintain a wrongful death action and (2) whether an amendment can relate back, when filed after the expiration of the two-year period, to substitute as the plaintiff the administrator, who had been appointed administrator after the two-year period had expired. In Pool, J.P. filed a complaint based on the death of E.P., who had died on November 24, 1976. After the two-year period had expired, J.P. sought to amend his complaint to substitute as the plaintiff B.J., who had been appointed administrator of E.P.'s estate on February 5, 1979, more than two years after E.P.'s death. This Court held that because there had been no one authorized to file the action before the expiration of the two years, the doctrine of relation-back had no application.
In Pool, the administrator was not appointed until after the limitations period had expired. In contrast, Mrs. Hilburn was appointed administratrix before the limitations period expired. Dr. Ellis, looking to Holyfield v. Moates, 565 So.2d 186
(Ala. 1990), argues that Mrs. Hilburn's suing as next-of-kin was void ab initio and therefore could not be ratified by her later being appointed administratrix. This Court stated in Holyfield, 566 So.2d at 187-89:
 "In [Pool] and Brown v. Mounger, [541 So.2d 463
(Ala. 1989)], we held that to bring a wrongful death action pursuant to § 6-5-410 . . . the personal representative must be a duly appointed executor or administrator, and that the failure of the personal representative to be so appointed rendered his acts void. . . .
". . . .
 ". . . That which is void provides no basis for corrective action. That which is merely voidable is viable until declared void and it will support both a waiver and an amendment."
However, Rule 17(a), Ala.R.Civ.P., suggests that so long as capacity exists before the limitations period expires, the wife, after being appointed administratrix within the limitations period, may then, as the real party in interest, ratify the commencement of the action. Thus, with respect to ratification, Rule 17(a) provides:
 "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
In Holyfield, supra, this Court distinguished between acts that are voidable and those that are void. It reversed the judgment of the trial court and remanded to allow an amendment, filed after expiration of the limitations period, to substitute the properly *Page 239 
appointed personal representative as the real party in interest. The Court held that the amendment related back to the filing of the original complaint because the acts of the prior, improperly appointed personal representative, who as a nonresident of Alabama was disqualified, were not void, but merely voidable. The Court reasoned that the "holding is mandated by Rule 17(a), Ala. R.Civ.P." 565 So.2d at 189. In reaching this conclusion, the Court looked to the reasoning ofHess v. Eddy, 689 F.2d 977 (11th Cir. 1982), and, upon reviewing the Hess court's interpretation of Rule 17, Fed.R.Civ.P., stated the following:
 " 'The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred.' "
Holyfield, 565 So.2d at 189 (emphasis in original). Earlier in the Holyfield opinion, this Court reviewed its decision in Pool
and, relying on the Pool rationale, stated: "[I]f the two-year period prescribed by the statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery." Holyfield, 565 So.2d at 187. Because the two-year period did not expire before Mrs. Hilburn was "duly appointed" as administratrix, she established her capacity within the limitations period and, thereby, ratified her claim. Holyfield; Rule 17(a). Her amendment, therefore, relates back to the date she filed her complaint.
The motion to amend in this case is based upon Rule 17(a), not on Rule 15(c). Pool did not discuss ratification pursuant to Rule 17(a), and the holding in that case is based solely upon application of Rule 15(c) (dealing with relation back of amendments). This Court in Holyfield, however, recognized the distinction in its application of Rule 17(a). The rationale of that case supports a finding of a ratification of the filing of Mrs. Hilburn's action by her appointment within the limitations period. Thus, we conclude that her amendment related back pursuant to Rule 15(c).
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.