BRYAN, Justice
(dissenting).
I agree that, under our current precedent, a wrongful-death action commenced by someone other than the personal representative is a nullity. However, I believe that precedent is out of line with the modern trend and should be overruled. The plaintiff, Paula B. Noble (“Paula”), has placed this issue squarely before us by asking us to overrule that precedent. I believe her request is well taken.
Alabama has a “nullity rule,” i.e., a wrongful-death action commenced by someone other than the personal representative is a nullity. See Ex parte Hubbard Props., Inc., 205 So.3d 1211 (Ala.2016); Wood v. Wayman, 47 So.3d 1212, 1218 (Ala.2010); Waters v. Hipp, 600 So.2d 981, 982 (Ala.1992); Brown v. Mounger, 541 So.2d 463, 464 (Ala.1989); Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979); and Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 354, 303 So.2d 98, 103 (1974). In my opinion, this Court has never adequately explained why an action so commenced is a nullity. In our recent decision in Ex parte Hubbard Properties, the Court implied that a wrongful-death action brought by an improper plaintiff is a nullity because that person lacks “standing” to file the action. In that case the Court by way of a mandamus petition reviewed the denial of a summary-judgment motion—a situation that typically does not support mandamus review—on the ground that “ ‘ “[mjandamus review is available where the petitioner challenges the subject-matter jurisdiction of the trial court based on the plaintiffs lack of standing to bring the lawsuit.”’” 205 So.3d at 1213 (quoting Ex parte Rhodes, 144 So.3d 316, 318 (Ala.2013), quoting in turn Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala.2007)). Standing is a component of subject-matter jurisdiction, Ex parte Overton, 985 So.2d 423, 427 (Ala.2007), and an action commenced without subject-matter jurisdiction is a nullity, Alabama Dep’t of Corr. v. Montgomery Cty. Comm’n, 11 So.3d 189, 192 (Ala.2008). Although it is unclear, it may be that an action commenced in a case like this one is considered a nullity based on the idea that the plaintiff lacks standing.
However, in 2013, this Court clarified that, in Alabama, “standing” is a concept that is relevant only in public-law cases, not in private-law cases like the present one. Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31 (Ala.2013). In doing so, this Court distanced itself from some of our cases that had taken a more expansive view of the concept of standing. See also Jerome A. Hoffman, The Malignant Mystique of “Standing,” 73 Ala. Law. 360 (2012) (arguing that Alabama caselaw had expanded the concept of standing beyond its appropriate scope). I suspect that the nullity rule applied in our wrongful-death cases is a holdover from caselaw concerning standing that this Court distanced itself from in Ex parte BAC. However, as noted, “standing” is irrelevant in this private-law action and cannot serve as a legit *1060 imate basis for the nullity rule found in our wrongful-death caselaw.
Regardless of the underpinnings of the nullity rule in wrongful-death cases, I believe that position is outdated and that it should be abandoned. The nullity rule has been criticized as “a remnant of an earlier era of strict pleading requirements.” Trimble v. Engelking, 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997) (addressing an argument that an action against a decedent is a nullity because dead persons are not legal entities capable of being sued). “Adopting such a rule, and thereby precluding amendment and relation back where a party is improperly named, would frustrate the purpose of our modern rules of pleading which seek to promote the resolution of disputes on their merits rather than to bar suit based on antiquated pleading requirements.” Id. Under our nullity rule, a wrongful-death complaint filed by anyone other than the personal representative is a nullity, which is incapable of being amended. The more modern position is to allow such a complaint to be amended through relation back under the Alabama Rules of Civil Procedure.
The modern position is illustrated by the Supreme Court of New Mexico’s decision in Chavez v. Regents of University of New Mexico, 103 N.M. 606, 609, 711 P.2d 883, 886 (1985), which described the nullity rule as “unnecessarily restrictive.” In New Mexico, as in Alabama, a wrongful-death action must be brought by the personal representative.[8] In Chavez, when the plaintiffs, who were the parents of the decedent, brought their wrongful-death action, a personal representative had not yet been appointed. The decedent’s mother was later appointed personal representative after the limitations period had expired. The issue was whether the action was barred “because the parents failed to secure court appointment as personal representatives within the two-year period.” 103 N.M. at 607, 711 P.2d at 884. A lower appellate court determined that the case was controlled by an earlier decision in which that court “would not allow an amended complaint, which added the father as personal representative and which was filed after the limitations period, to relate back to the oiiginal complaint, so as to bring the amended complaint within the statute of limitations.” 103 N.M. at 608, 711 P.2d at 885. The lower appellate court in the earlier decision had “held that the original complaint was a nullity.” Id. The Supreme Court of New Mexico disagreed, concluding that the relation-back provisions of Rule 15(a) and Rule 17(c) of New Mexico’s civil-procedure rules dictated a different result. The court explained:
“Our Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure. A majority of the federal courts allow a change in a plaintiffs capacity to sue to relate back to the action’s commencement under Fed. Rules Civ. P. 15(c) and 17(a). See 3 J. Moore, Moore’s Federal Practice § 15.15[4] (2d ed.1985); 6 C. Wright & A. Miller, Federal Practice & Procedure § 1555 (1971). Wrongful death actions have been specifically included within this principle. See, e.g., Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir.), cert. dismissed, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); Holmes v. Pennsylvania New York Central Transportation Co., 48 F.R.D. 449 (N.D.Ind. 1969); Shinkle v. Union City Body Co., *1061 94 F.R.D. 631 (D.Kan.1982); Hunt v. Penn Central Transportation Co., 414 F.Supp. 1157 (W.D.Pa.1976). See also Annot., 12 A.L.R.Fed. 233 (1972).
“The reasoning of these cases has been explained as follows:
“ ‘Thus in cases involving an amendment, made after the applicable limitation period has run, which attempted to change the capacity or identity of the parties, the courts generally examined the facts of the case to ascertain whether the allowance of such amendment would be inconsistent with the notice requirements inherent in such limitation. Where plaintiff sought to change the capacity in which the action is brought, or in which defendant is sued, there is no change in the parties before the court, all parties are on notice of the facts out of which the claim arose, and relation back was allowed in both the case of the plaintiff and the defendant.’
“3 J. Moore, supra § 15.15[4.-1] at 15-157 (... footnotes omitted).
“Also, a majority of the state courts that have recently considered the issue have reached a similar result. See Annot., 27 A.L.R.4th 198 (1984); Annot., 3 A.L.R.3d 1234 (1965)....
“In the present case, the original pleading alleged a valid cause of action and certainly gave defendants notice of the claim within the statutory period.... Defendants would in no way be prejudiced if the appointment of [the mother] as personal representative is allowed to relate back to the initial filing of the action. We determine, therefore, that in this case relation-back should be permitted. Such relation-back may be accomplished either by permitting an amendment to relate back under Rule 15(c) or by allowing under Rule 17(a) ‘a reasonable time for ratification of commencement of the action by, or joinder or subdivision of the personal representative.”
Chavez, 103 N.M. at 611-12, 711 P.2d at 888-89 (emphasis omitted).
Like New Mexico’s Rules of Civil Procedure, the Alabama Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure. Thus, federal cases applying the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure. Hilb, Rogal & Hamilton Co. v. Beiersdoerfer, 989 So.2d 1045, 1056 n. 3 (Ala.2007). Federal and state courts have allowed amendments to name the proper plaintiff in a wrongful-death action using relation back under versions of either Rule 15(c) or Rule 17(a), Ala. R. Civ. P., or both. Although Rule 15(c) does not by its text apply to amendments substituting plaintiffs, courts have applied it by analogy to such amendments. See, e.g., English v. State ex rel. Purvis, 585 So.2d 910, 911-12 (Ala.1991); see also 6A Charles Alan Wright et al., Federal Practice and Procedure § 1501 (2010) (stating that Rule 15(c) extends by analogy to amendments substituting plaintiffs). Additionally, Rule 17(a) provides for the relation back of plaintiffs, making it especially applicable in a case like the present one. Rule 17(a) provides, in pertinent part:
“Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if *1062 the action had been commenced in the name of the real party in interest.”
(Emphasis added.)
In Strother v. District of Columbia, 372 A.2d 1291 (D.C.1977), the District of Columbia Court of Appeals applied relation back under that court’s version of Rule 15(c) to allow the personal representative to be added as a plaintiff in a wrongful-death action. In doing so, the court in Strother, like the court in Chavez, rejected the nullity rule. The court observed:
“While there is a split of authority on the issue of whether amendments seeking to change the capacity in which a plaintiff is suing relate back to the original filing, federal courts and state courts which have adopted the substance of Fed.R.Civ.P. 15(c) have interpreted the rule as permitting relation back. E.g., Longbottom v. Swaby, 397 F.2d 45 (5th Cir.1968); Crowder v. Gordons Transports, Inc., 387 F.2d 413 (8th Cir.1967); Russell v. New Amsterdam Casualty Co., 303 F.2d 674 (8th Cir.1962); Atlanta Newspapers, Inc. v. Shaw, 123 Ga. App. 848, 182 S.E.2d 683 (1971); Gogan v. Jones, 197 Tenn. 436, 273 S.W.2d 700 (1954). These cases have found that there is no substantial prejudice to the defendant because ‘there is no change in the parties before the court (and) all parties are on notice of the facts out of which the claim arose.’ Moore’s Federal Practice 15.15(4.-1) (1974). We think this reasoning is sound.
[[Image here]]
“We note that even before the adoption of the Federal Rules of Civil Procedure and our adoption of Rule 15(c), the [United States] Supreme Court held, under circumstances similar to those before us, that an amendment to change the capacity in which a plaintiff sues ought to relate back to the original filing. Missouri, Kansas & Texas Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913).”
Strother, 372 A.2d at 1297-99. See also Estate of Kitzman v. Kitzman, 163 Wis.2d 399, 403, 471 N.W.2d 293, 294 (1991) (rejecting the nullity rule, allowing relation back under a version of Rule 15(c), and citing the Supreme Court’s 1913 decision in Missouri, Kansas & Texas Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913), for the proposition that the Kitzman court’s “view of the matter is hardly new or novel”).
Other cases are in accord with the cases cited above. See, e.g., Esposito v. United States, 368 F.3d 1271 (10th Cir.2004) (applying Rule 17(a), Fed.R.Civ.P., to allow the substitution of the proper plaintiff in a wrongful-death action); and Burcl v. North Carolina Baptist Hosp., Inc., 306 N.C. 214, 228-29, 293 S.E.2d 85, 93-94 (1982) (rejecting the nullity rule in a wrongful-death action and allowing relation back under Rules 15 and 17(a), N.C. R. Civ. P.); see also Lavean v. Cowels, 835 F.Supp. 375 (W.D.Mich.1993) (applying Rule 17(a), Fed.R.Civ.P., to allow the relation back of a personal representative in a quiet-title action). In short, “[a] majority of the reported cases do allow a complaint amendment changing the capacity in which the plaintiff sues to relate back to the original complaint filed within the limitation period.” Regie de l'assurance Auto. du Quebec v. Jensen, 399 N.W.2d 85, 90 (Minn.1987). However, “[i]n rejecting the ‘relation back’ doctrine [in wrongful-death cases], Alabama represents a minority position among common law jurisdictions.” Hess v. Eddy, 689 F.2d 977, 980 n. 4 (11th Cir.1982), abrogated on other grounds by Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L,Ed.2d 254 (1985).
The position I advocate is not completely new even in this Court. In 1997, this Court actually took steps to move away from the nullity rule. In Ellis v. Hilburn, *1063 688 So.2d 236 (Ala.1997), a case relied on by Paula, the plaintiff commenced a wrongful-death action without having been appointed personal representative; the plaintiff was later appointed personal representative. Both the filing of the complaint and the plaintiffs appointment as personal representative occurred within the limitations period. After the limitations period expired, the plaintiff attempted to amend her complaint under Rule 17(a) to add herself as a plaintiff in her role as personal representative. The defendant argued that the original complaint was nullity, an argument I believe is consistent with the bright-line nullity rule as currently applied by this Court. See, e.g., this Court’s recent decision in Ex parte Hubbard Properties. However, the Court rejected the nullity-rule argument and instead applied Rule 17(a) to allow relation back. In allowing relation back, the Court emphasized that the plaintiff both commenced her action and was appointed personal representative within the limitations period. 688 So.2d at 238. Although the scope of Ellis is unclear, it is evident that the Court in Ellis did not apply a bright-line nullity rule and allowed relation back under Rule 17(a) in at least some circumstances.[9]
Several months later in 1997, the Court moved even further away from the nullity rule in Ogle v. Gordon, 706 So.2d 707 (Ala.1997).[10] The Court in Ogle framed the issue fairly simply: “[W]e must determine whether the doctrine of relation back applies to our wrongful death limitations provision.” 706 So.2d at 708-09. Ogle answered that inquiry affirmatively, allowing relation back in wrongful-death cases on the basis of § 43-2-831, Ala.Code 1975, which Ogle concluded codified the common-law doctrine of relation back as it relates to personal representatives. Although Ogle used § 43-2-831 to allow relation back, Rule 15(c) or Rule 17(a) could have been used to reach the same result. The important point is that Ogle rejected the nullity rule first stated in 1974 in Strickland and allowed relation back in wrongful-death cases. This Court stated in Ogle:
“The defendants cite Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), a case construing federal statutes (and holding that the plaintiff who filed the wrongful death claim was not the personal representative at the time the action was filed), for the proposition that the doctrine of relation back does not apply in this case, on the basis that the appointment, coming beyond the two-year limitations period, gave the plaintiff no capacity to sue and was a nullity and that, therefore, there is nothing to relate back to. Our decision in Strickland, however, came long before the Legislature’s codification of § 43-2-831. We, therefore, overrule Strickland’s holding regarding the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today, but we note that Strickland correctly points out that under the doctrine of relation back one must have something to relate back to, and we note that in the present case the filing of the original petition is the event to which the appointment would relate back.”
706 So.2d at 710 (emphasis added).
Thus, in my opinion, Ogle actually eliminated the nullity rule in wrongful-death *1064 cases in 1997. However, 13 years later, in Wood, this Court concluded that “[t]he legal issue presented in Ogle was not one of relation back,” 47 So.3d at 1217, despite the Court in Ogle having stated that it “must determine whether the doctrine of relation back applies to our wrongful death limitations provision.” 706 So.2d at 708-09. Wood instead characterized Ogle as essentially creating an equitable exception to the nullity rule in cases of the probate court’s inadvertence in appointing a personal representative. However, as to this purported equitable exception, Ogle simply noted that relation back is “especially applicable”—which I read to mean “especially equitable”—in cases of the probate court’s inadvertence. Ogle, 706 So.2d at 710. In my opinion, the actual holding of Ogle is that a wrongful-death action commenced by someone other than the personal representative is not a nullity and that, under § 43-2-831, relation back may be used to amend the complaint in such a case. Since Wood, this Court had debated whether the text of § 43-2-831 supports the application of relation back in a wrongful-death case, and I will not rehash that debate. See, e.g., Wood, 47 So.3d at 1219 (Murdock, J., dissenting); Richards v. Baptist Health Sys., Inc., 176 So.3d 179, 179, 183 (Ala.2014) (Murdock, J., concurring specially, and Moore, C.J., dissenting); and Alvarado v. Estate of Kidd, 205 So.3d 1188 (Ala.2016). However, regardless of the application of § 43-2-831, I believe that we may use Rule 15(c) or Rule 17(a) to allow relation back in wrongful-death cases, as explained above. In my opinion, doing so would simply put us back in the same place we were in 1997 in Ogle, though by a different route.[11]
In sum, I would overrule the nullity rule as stated in our wrongful-death cases beginning with Strickland, and I would allow relation back under Rule 15(c) or Rule 17(a) when appropriate. In this case, Paula should be allowed to amend the complaint to add herself as plaintiff in her role as personal representative, and that amendment should relate back to the filing of her complaint within the limitations period. The defendants had notice of the action within the limitations period and would not be prejudiced by the amendment. After the amendment, Paula would still be the party pursuing the action, though in her role as personal representative. The factual and legal issues would be unchanged. I see nothing in Alabama’s wrongful-death statute, § 6-5-410, that precludes the application of Rule 15(c) or Rule 17(a) in this case. Further, the fact that this Court has construed § 6-5^410, which provides a two-year limitations period, as a “statute of creation” and not as a statute of limitations does not bar the application of relation back under the Alabama Rules of Civil Procedure. See Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1045 n. 5 (Ala.2013) (indicating that the expiration of a statute of creation would not bar the application of relation back under Rule 17(a)).
Accordingly, I respectfully dissent.
WISE, J., concurs.

. Alabama does have an exception to the general rule that a personal representative must bring a wrongful-death action. Section 6-5-391, Ala.Code 1975, which provides for a wrongful-death action based on the death of a minor, permits a father or a mother to sue under that statute, without being appointed personal representative.

. There were no dissenters in Ellis, which was authored by Justice Shores and joined by Chief Justice Hooper and Justices Maddox, Houston, Kennedy, Cook, and Butts.

. There were no dissenters in Ogle, which was authored by Justice Maddox and joined by Chief Justice Hooper and Justices Kennedy, Butts, and See; Justice Cook concurred in the result,

. It is unclear to me whether the other 1997 decision, EUis, remains good law. Based on recent precedent applying a bright-line nullity rule, e.g,, Ex parte Hubbard Properties, it is possible that Ellis has been silently overruled. However, it is also possible that a majority of the Court would view Ellis as essentially creating an exception to the nullity rule, based on the facts of that case, in the same vein as Ogle, at least as that case was viewed by Wood.