**Carolyn N. HESS, Administratrix of the Estate of David Milano, deceased, Plaintiff-Appellant,**

v.

**Bob EDDY, et al., Defendants-Appellees.**

No. 81–7634.

United States Court of Appeals, Eleventh Circuit.

Oct. 21, 1982. ·

---

James R. Foley, The Legal Clinic of Foley, Rodenhauser & Tuggle, Huntsville, Ala., for plaintiff-appellant.

Walker, Morris & Smith, Harvey B. Morris, Julian Butler, Huntsville, Ala., for American Druggist Co.

Lanier, Shaver & Herring, E. Cutter Hughes, Jr., Huntsville, Ala., for Eddy, et al.

W. Scears Barnes, Jr., Sp. Asst. Atty. Gen. for Dept. of Corrections, Alexander City, Ala., George W. Royer, Jr., Huntsville, Ala., Tom McAlpine, Asst. Atty. Gen. and Counsel for Dept. of Corrections, Montgomery, Ala., for Britton.

Before HILL and HATCHETT, Circuit Judges, and GOLDBERG *, Senior Circuit Judge.

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

GOLDBERG, Circuit Judge:

In this appeal, we are asked to decide whether a civil rights action is time barred if a person other than the "real party in interest" brings suit within the applicable limitations period, and the real party in interest first joins and ratifies the action only after the limitations period has run. We conclude that the Federal Rules of Civil Procedure allow for an amendment or ratification by the real party in interest, that the amendment or ratification relates back to the time suit was initially filed, and that the real party in interest's action is therefore *not* time barred.

## I.  FACTS AND PROCEDURAL HISTORY

On November 2, 1978, an inmate in an Alabama county jail was brutally murdered by a fellow prisoner. On October 31, 1980, the victim's widow brought this civil rights damage action, alleging that her husband's death had been caused by the local prison officials' failure to provide safe and secure conditions of confinement. The plaintiff filed her civil rights damage action in U.S. District Court pursuant to 42 U.S.C. § 1983. She brought suit in two capacities: as the victim's widow and as the administratrix of his estate. However, it was later determined that the plaintiff had not been appointed administratrix of her late husband's estate until some time after she had filed her action.[1] At that time, she amended her original complaint so as to reflect her new status as administratrix and to indicate her ratification of the initial filing of suit.

Unfortunately, the plaintiff's *ex post facto* ratification of the suit did not satisfy the defendants. They sought to dismiss her action, arguing that she could properly

bring suit only *after* she had been appointed administratrix of her husband's estate, that the two-year limitations period set forth in Alabama's wrongful death statute would apply in this § 1983 action, and that because she had been appointed administratrix after the two-year limitations period had run, her action was time barred. The district court took up the defendants' motion, held that the suit was indeed time barred, and dismissed the action. The plaintiff then brought this appeal.[2]

## II.  ANALYSIS

This appeal does not involve a pure question of limitations, for it is conceded that the complaint in this action was filed within the two-year limitations period.[3] The problem here is that the "real party in interest" did not bring suit within the two-year limitations period.

The district court held that the only party who could properly bring this section 1983 action was the administratrix of the decedent's estate and that because the plaintiff was not yet the administratrix at the time she filed her complaint, the action had actually not been brought within the limitations period. Moreover, the district court held that the subsequent amendment of the complaint and its ratification by the real party in interest did not "relate back" to the initial filing of suit.

In finding that the subsequent amendment and ratification by the real party in interest did not relate back to the time of the initial filing, the district court relied upon Alabama state law which rejects the "relation back" doctrine in wrongful death actions.[4] The district court held that Ala-

---

1.  Although the plaintiff filed her petition for letters of administration with the local state probate court on October 31, 1980, she was not actually appointed as administratrix until three months later.

2.  The plaintiff brought claims both as an individual and as administratrix of her late husband's estate. Each of these claims was dismissed by the district court. The plaintiff now appeals from the dismissal of the claims brought in her representative capacity. She

does not appeal from the judgment dismissing her individual claims.

3.  The decedent was killed on November 2, 1978. His widow brought suit on October 31, 1980, less than two years later.

4.  In the Alabama courts, a wrongful death suit brought by someone other than a duly appointed administratrix is void, and a subsequent amendment or ratification of the action by the

bama's rejection of the "relation back" doctrine precluded its application in this case. With this we must disagree.

In actions brought pursuant to 42 U.S.C. § 1983, federal courts may indeed apply rules of state law to questions as to which Congress has not provided clear guidance. Congress did not provide a statute of limitations for section 1983. Therefore, the district court correctly applied Alabama law to determine the applicable limitations period and properly held that the two-year limit set forth in Alabama's wrongful death statute would control in this case.[5] Similarly, Congress did not provide rules of survivorship for section 1983 actions. Therefore, the district court acted properly in applying Alabama law to determine that the decedent's right of action survived his death and that the only party who could properly assert this claim would be the administratrix of his estate.[6] However, we find that the trial court erred in applying Alabama's "no relation back" rule in the face of a Federal Rule of Civil Procedure that expressly authorizes and adopts the "relation back" doctrine.

Rule 17(a) of the Federal Rules of Civil Procedure states that:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a).

The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period, and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification *relates back* to the time suit was originally filed and the action need not be dismissed as time barred.

Our interpretation of Rule 17(a) and its applicability in this context is supported by both the cases and the commentators. For example, in *Levinson v. Deupree,* 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953), the Supreme Court held that where a wrongful death action is brought by a party not yet properly appointed as the administrator of the decedent's estate, and where proper appointment occurs only after the applicable state limitations period has run, a federal court must allow the appointment to "relate back" to the time of initial filing—*even though the forum state would not allow such a "relation back" and would hold the action time barred in its own courts.*

Congress codified the rule of *Levinson v. Deupree, supra,* in its 1966 amendments to

---

real party in interest does *not* relate back to the time of initial filing. *Downtown Nursing Home, Inc. v. Pool,* 375 So.2d 465 (Ala.1979); *Strickland v. Mobile Towing & Wrecking Co.,* 293 Ala. 348, 303 So.2d 98 (1974). Thus, if amendment or ratification by the duly appointed administratrix only occurs *after* the limitations period has run, the action is time barred. *Downtown Nursing Home, Inc. v. Pool, supra; Strickland v. Mobile Towing & Wrecking Co., supra.* In rejecting the "relation back" doctrine, Alabama represents a minority position among common law jurisdictions. *See* Annot. 3 A.L.R.3d 1234 (1965). However, it is not our place to comment upon the wisdom of Alabama's procedural rules. The sole question before us is whether the trial court acted properly in applying the Alabama rule in federal court.

5. In civil rights damage actions brought pursuant to § 1983, a federal court must apply the most nearly analogous state statute of limitations. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Rubin v. O'Koren,* 644 F.2d 1023, 1025 (5th Cir. 1981). In this case, Alabama's wrongful death statute, Ala.Code § 6–5–410 (1977), provides for a two-year limitations period.

6. In a civil rights damage action brought pursuant to § 1983, rights of survivorship are to be determined according to state law. *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).

Rule 17(a).[7] Since the promulgation of that revised Rule, commentators have consistently stated that the "Rule ... restrict[s] dismissal and require[s] ... relation back instead, *overrid[ing] state practice to the contrary*." 3A Moore's Federal Practice ¶ 17.09, at 17–129 (2d ed. 1982) (emphasis added).

> [The] main thrust [of the 1966 Amendment to Rule 17(a)] is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest.

*Id.* ¶ 17.15, at 17–182.

> [T]here should be no problem finding that the federal court ... may rely on Rule 17(a) to substitute the real party in interest, and to continue the action, even though the state law, under its statute of limitations, might not allow relation back and would require dismissal.

*Id.* at 17–183.

> [T]he failure to join the real party in interest at the commencement of the action does not require dismissal. Instead, the real party in interest can be joined or substituted and the action continued as if it had been instituted in his name.

6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1541, at 637 (1971).

> [T]here is no longer any doubt that a federal court may apply the substitution and relation back provision of Rule 17(a) ... even though the law of the state in which the court is sitting would not allow relief from the failure to bring suit in the name of the real party in interest and dismissal would be required under the applicable forum state's statute of limitations.

*Id.* § 1555, at 709.

Finally, we note that the approach urged by these commentators has been consistently followed by the federal courts that have considered the question. *See, e.g., Farbwerke Hoechst A.G. v. M/V "Don Nicky"*, 589 F.2d 795, 797–798 (5th Cir. 1979) (suit need not be dismissed if real party in interest subsequently joins or ratifies action); *Wadsworth v. United States Postal Service*, 511 F.2d 64, 65–67 (7th Cir. 1975) (amendment to pleadings adding or substituting plaintiff as real party in interest relates back to filing of complaint); *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 415 (8th Cir. 1967) (state law did not allow relation back; however, "the issue of relation back is ... controlled by the Federal Rules.")[8]

We therefore conclude that Rule 17(a) sets forth a rule of procedure that is to be applied in the federal courts. The Rule provides that when an action is brought by someone other than the real party in interest, the suit need not be dismissed if the real party in interest subsequently joins or ratifies the action. The Rule further provides that such subsequent joinder or ratification by the real party in interest relates back to the time the suit was first filed. If the initial filing came within the applicable limitations period, the suit is *not* time barred. Most importantly, the Rule is to be applied even where the courts of the forum state have rejected the "relation back" doctrine. For this reason, we must conclude that the district court erred in applying Alabama law on the question of whether the doctrine of "relation back" would apply in this case. This is a *federal* civil rights action, brought in a *federal* court, and it is the *Federal* Rules of Civil Procedure that must apply.

## III. CONCLUSION

The central question in this appeal is controlled by the clear language of the Federal Rules of Civil Procedure.

---

**7.** The Notes of the Advisory Committee to Rule 17(a) state that the Rule is "intended to codify in broad terms the salutory principle of *Levinson v. Deupree*."

**8.** *See also Motta v. Resource Shipping & Enter. Co.*, 499 F.Supp. 1365, 1369, 1374 (S.D.N.Y. 1980); *de Vries v. Weinstein Int'l Corp.*, 80 F.R.D. 452, 458–459 (D.Miss.1978); *Unilever Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384 (S.D.N.Y. 1977); *James v. Nashville Bridge Co.*, 74 F.R.D. 595, 596–597 (N.D.Miss.1977); *Caldwell v. Metcalfe*, 458 F.Supp. 847, 848 (E.D.Tenn. 1977); *Honey v. George Hyman Const. Co.*, 63 F.R.D. 443 (D.D.C.1974).

982

These rules were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

*Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966).

This action was brought within the applicable limitations period, and the real party in interest (the plaintiff acting *qua* administratrix) joined and ratified the action shortly thereafter. Rule 17(a) of the Federal Rules of Civil Procedure provides that joinder or ratification by the real party in interest relates back to the time of initial filing. Therefore, we conclude that this suit, now being pursued by the real party in interest, is *not* time barred. Accordingly, the judgment dismissing the plaintiff's action is REVERSED and this cause is REMANDED for further proceedings.