946 F.2d 886
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pamela Barrett RUMER, Plaintiff-Appellant,
v.
Paul C. BROWN, Defendant-Appellee.
 No. 90-3041.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided Oct. 10, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-92-R)
 Frederic W. Schwartz, Jr., Cadeaux & Taglieri, P.C., Washington, D.C., for appellant.
 Frank Kenneth Friedman, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellee.
 On Brief: Robert Cadeaux, Stephen H. Ratliff, Cadeaux & Taglieri, P.C., Washington, D.C., for appellant.
 Michael A. Cleary, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Asserting that the trial court committed reversible error in denying her motion for judgment notwithstanding the verdict, and alternately in denying her motion for a new trial, Pamela Barrett Rumer brought this appeal. Finding no reversible error, we affirm.
 
 
 2
 On March 1, 1986, about 9 o'clock p.m., defendant Paul C. Brown was driving his vehicle along Route 460 within the posted speed limit or approximately 55 miles per hour en route from Blacksburg, Virginia, to Bluefield, West Virginia. Plaintiff was a passenger, seated on the right side of the rear seat of the vehicle. Two other passengers were in the vehicle. As they proceeded along that highway, the headlights of the vehicle revealed a slight incline and an upcoming curve. A yellow road sign showed a curvy line and below that another sign showing "40 m.p.h." Brown took his foot off the accelerator as he started up the incline and some 500 feet prior to reaching the accident site. The curve to the left was sharper than Brown had anticipated and while pumping his brakes, the right front wheel moved onto the shoulder of the highway and became trapped in a rut or gully. In an effort to extract the front wheel from the gully, the right rear wheel slid into the gully. This pulled the vehicle into a rock outcropping. After striking the rock outcropping, the vehicle spun around and came to rest with its rear wheel still in the rut or gully. Only plaintiff was injured. Defendant testified he was traveling within the speed limit and at all times exercising due care. The other two passengers corroborated defendant. Plaintiff also had informed defendant on numerous occasions after the accident that the accident was not due to any fault of his and that the highway was just a horrible stretch of road. Tried to the jury, it returned a verdict finding that defendant was not guilty of negligence in the operation of his vehicle. Plaintiff's motions for judgment n.o.v. and for a new trial were denied by the trial court.
 
 
 3
 In considering plaintiff's motion for judgment n.o.v., the trial court must determine whether, viewing the evidence in the light most favorable to the non-moving party and giving him the benefit of all reasonable inferences, there is sufficient evidence in the record to support the verdict in his favor. Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989). In reviewing a granting or denial of such a motion, the appellate court is to apply the same standard. Id.; Lust v. Clark Equipment Co., 792 F.2d 436, 438 (4th Cir.1986). Further, where a jury has found a verdict and evidence exists upon which the jury could have reasonably found such a verdict, we must uphold it. In a review of the record, we are not free to weigh the evidence or to pass on the credibility of witnesses, or substitute our judgment for that of the jury. United States v. Tobias, 899 F.2d 1375, 1378 (4th Cir.1990); Hill v. BASF Wyandotte Corp., 782 F.2d 1212, 1213 (4th Cir.1986). Nor may we base a grant of a judgment n.o.v. on materially contradicted evidence. Al-Zubuidi v. Ijaz, 917 F.2d 1347, 1348 (4th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1583 (1991). Granting or refusing a new trial is a matter resting in the sound discretion of the trial judge, and is reversible only upon a showing that the trial court abused its discretion. Linder v. Durham Hosiery Mills, Inc., 761 F.2d 162, 168 (4th Cir.1985). That is, appellate review of a judgment entered on a jury verdict is limited to a determination of whether when viewed in the light most favorable to the prevailing party, the record contains substantial evidence to support the jury's findings. Entre Computer Centers, Inc. v. FMG of Kansas City, Inc., 819 F.2d 1279, 1283 (4th Cir.1987), overruled in part on other grounds, Busby v. Crown Supply, Inc., 896 F.2d 833, 841 (4th Cir.1990). The question of whether defendant was guilty of negligence in the operation of his vehicle was for the jury. It determined defendant was not negligent, and its finding is supported by substantial evidence. The trial judge reviewed the record and determined the jury verdict was supported by substantial evidence. Finding no error, the judgment is affirmed.
 
 
 4
 AFFIRMED.