**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

INTOWN PROPERTIES MANAGEMENT,
INCORPORATED,
                    *Plaintiff-Appellant,*

            and

TRANSCONTINENTAL INSURANCE
COMPANY, as subrogee of Intown
Properties Management,
Incorporated,
                            *Plaintiff,*

                v.                                    No. 00-2419

WHEATON VAN LINES, INCORPORATED,
                    *Defendant-Appellee,*

            and

RITE-WAY MOVING SERVICES,
INCORPORATED; JOHN KOWATS;
PACCAR LEASING CORPORATION;
KENWORTH VID2XKADR9X,
KENWORTH TRUCK 1995,
VID#2XKADR9XXSM64507,
                        *Defendants.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-99-2287-6, CA-99-327)

Argued: September 24, 2001

Decided: October 31, 2001

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Widener joined. Judge Luttig wrote a concurring opinion.

_____

## COUNSEL

**ARGUED:** William Marvin Grant, Jr., GRANT & LEATHER-WOOD, P.A., Greenville, South Carolina, for Appellant. Kurt Matthew Rozelsky, LEATHERWOOD, WALKER, TODD & MANN, P.C., Greenville, South Carolina, for Appellee. **ON BRIEF:** Paul C. Rathke, GRANT & LEATHERWOOD, P.A., Greenville, South Carolina, for Appellant. Joseph E. Major, LEATHERWOOD, WALKER, TODD & MANN, P.C., Greenville, South Carolina, for Appellee.

_____

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

This appeal arises from two related cases that were consolidated in the district court. Intown Properties Management, Incorporated appeals the district court's grant of summary judgment against it in its action against Wheaton Van Lines, Incorporated. Intown also appeals the court's denial of Intown's motion to amend the complaint to add Intown as the real party in interest, in an action Intown's insurer filed against Wheaton. Limitations barred Intown's suit against Wheaton, making the grant of summary judgment to Wheaton in that action proper, and the district court clearly did not abuse its discretion in denying Intown's late-filed motion to amend in its insurer's suit. Accordingly, we affirm.

### I.

On July 18, 1996, a driver employed by Wheaton lost control of his truck and hit a motel and restaurant that were owned by Intown and insured by Transcontinental Insurance Company. Pursuant to this insurance policy, Transcontinental paid Intown $302,700.85 for losses resulting from the accident. On February 5, 1999 Transcontinental

filed suit against Wheaton ("the *Transcontinental* action"), seeking the amount it had paid Intown, plus interest, attorney's fees, and costs. Intown had notice of this law suit.

Although Intown was involved in other litigation against Wheaton in 1997, it did not file suit seeking recovery for damages incurred in the July 18, 1996 accident until July 9, 1999. On that date, Intown filed a complaint against Wheaton ("the *Intown* action"), seeking, *inter alia*, $212,217.96 representing lost revenues and loss of reputation and good will that the insurance payment had not covered. Intown failed to serve Wheaton with the complaint in this action until August 31, 1999.

On October 8, 1999, the parties agreed by consent order to consolidate these two cases against Wheaton. A few weeks later, on October 26, 1999, Wheaton moved for summary judgment in the *Intown* action on the ground that South Carolina's three-year statute of limitations barred it. On November 30, 1999, eleven days after responding to Wheaton's motion for summary judgment in the *Intown* action, Intown moved to amend the complaint in the *Transcontinental* action. The motion to amend, which Transcontinental joined, sought to add Intown as a plaintiff on the ground that it, not Transcontinental, was the real party in interest in the *Transcontinental* action. Days later, in early December 1999, Transcontinental and Wheaton settled the *Transcontinental* action and filed a stipulation of dismissal.

Some months later, the district court held a hearing on Wheaton's motion for summary judgment in the *Intown* action and Intown's motion to amend the complaint in the *Transcontinental* action. The court granted summary judgment to Wheaton in the *Intown* action, reasoning that state law governed when an action "commenced" for purposes of the statute of limitations, and that under South Carolina law, Intown's failure to serve Wheaton until weeks after the three-year statute of limitations had run barred its action. *See* S.C. Code Ann. § 15-3-530 (5) (Law. Co-op. Supp. 2000).

The district court also denied Intown's motion to amend the complaint in the *Transcontinental* action. Applying South Carolina law, which forbids the division of a claim between insurer and insured, the court determined that Transcontinental was not the real party in inter-

est in its action against Wheaton. *See Calvert Fire Ins. Co. v. James*, 114 S.E.2d 832, 835 (S.C. 1960). Nevertheless, the court ruled that Intown had waived any claim to assert its real party in interest status by failing to file a timely motion to amend Transcontinental's complaint. The court further held that even if Intown had not waived its claim, Rule 17 did not support Intown's belated motion to amend the complaint in the *Transcontinental* action. This appeal followed.

## II.

If the district court improperly granted summary judgment in the *Intown* action, we need not consider its ruling in the *Transcontinental* action. Accordingly, we first examine the grant of summary judgment to Wheaton in the *Intown* action.

Although Intown asks us to reverse the district court's grant of summary judgment to Wheaton, it barely mentions the issue in its appellate brief. Indeed, Intown's only apparent challenge to the summary-judgment ruling is its contention that the *Intown* and *Transcontinental* actions, under South Carolina law, were two parts of an "indivisible" action, and so the district court erred in separating them, by granting summary judgment in the *Intown* action. No case, statute, or rule requires this result.

Intown suggests, however, that the consolidation of the two cases somehow effectively barred the grant of judgment against it in its own action. Intown misunderstands the role and scope of consolidation. Although consolidation "is permitted as a matter of convenience and economy in administration, [it] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

Other than its "indivisibility" argument, Intown makes no contention — and there is none to make — that the district court erred in granting summary judgment against it. Under South Carolina's service of process requirements, Intown failed to commence the *Intown* action within the statutory three-year period. *See* S.C. R. Civ. P. 3(a). Accordingly, the district court properly granted summary judgment to

Wheaton on the ground that the applicable South Carolina statute of limitations barred the *Intown* action.

We therefore turn to the ruling denying Intown's motion to amend.

### III.

In the *Transcontinental* action, Intown moved under Federal Rules of Civil Procedure 15 and 17 to amend the complaint to add itself as the plaintiff, arguing that it was the real party in interest. The district court denied the motion.

Wheaton offers four independent reasons why the district court did not err in doing so.[1] First, as a non-party in the *Transcontinental* action, Intown assertedly lacks standing to appeal from the denial of the motion without Transcontinental's participation in the appeal. Second, Intown was not the real party in interest in the *Transcontinental* action. Third, Intown waived its claim to participate in the *Transcontinental* action. Fourth, in any event, the district court properly denied Intown's late-filed motion to amend the complaint.

We need only address the last argument, and we review the district court's ruling denying the motion to amend for abuse of discretion. *See HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). Thus, assuming that Intown is the real party in interest in the *Transcontinental* action, with standing and claims that have not been waived, we consider whether the district court abused its discretion in refusing to permit Intown to join its insurer's suit as a party plaintiff, not by intervening under Rule 24, but by a combination of Rules 15 and 17.

Ordinarily a would-be plaintiff seeking to join a case must timely move to intervene in accordance with Rule 24. Fed. R. Civ. P. 24 (a & b) ("Upon timely application anyone [1] shall be permitted to intervene in an action . . . when the applicant claims an interest relating

---

[1]On appeal, Wheaton does not assert that the motion was moot. *See* Fed. R. App. P. 28(a)(9), (b). *See also United Airlines v. McDonald*, 432 U.S. 385, 395-96 (1977) (reviewing the denial of a post-judgment motion to intervene).

to the property or transaction which is the subject of the action . . . [or 2] may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."). If a motion to intervene is untimely, it "must be denied." *See NAACP v. New York*, 413 U.S. 345, 366 (1973). This seems only fair because, if permitted, intervention may expose a defendant to additional liability. (Indeed, in this case, if the court had permitted Intown to participate in the *Transcontinental* action, Wheaton's possible liability would have increased.) Perhaps for these reasons, Intown itself concedes that it would have been preferable if it had moved to intervene in the *Transcontinental* action. But Intown did not seek to intervene. It filed its own (albeit untimely) suit, and maintained that suit for several months although it knew that Transcontinental had already sued Wheaton separately.

Then, reversing course, Intown attempted to finesse Rule 24's timeliness requirement to join the timely *Transcontinental* action as a plaintiff. It did so by invoking Rule 15, which permits liberal amendment by a party when justice requires, and Rule 17, which ordinarily provides a shield for defendants. Intown argues that, in combination, those two rules may form a sword, permitting a non-party who would be a plaintiff to enter a case late, even when that late entry increases a defendant's liability. Intown points to no case in which such a use of the rules has been attempted, let alone judicially sanctioned. Nevertheless, Intown contends that the language of Rules 15 and 17, and the interpretation accorded those rules by courts and the Advisory Committee on Civil Rules to the Standing Committee on Rules of Practice and Procedure, support its position.

We first examine the text of the rules. The relevant portion of Rule 15 provides that after thirty days "a party may amend the party's pleading . . . by leave of court . . . [which] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Intown contends that "justice . . . requires" that its proposed amendment be permitted because otherwise it will have suffered damages that will go unredressed. However, Rule 15 allows liberal amendment by *parties*, not non-parties; it requires a court to permit "a party," not a non-party, to "amend the party's pleading . . . freely when justice so requires." Rule

15 does not aid Intown because it was not a party in the *Transcontinental* action.[2]

Rule 17, meanwhile, provides that "[e]very action shall be prosecuted in the name of the real party in interest," and that "[n]o action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R. Civ. P. 17(a). Intown argues that this language requires that it be given an opportunity to amend the pleadings so that the case is prosecuted in the name of the real party in interest. Although Rule 17 does limit *dismissal* of an action on the grounds that it is not prosecuted in the name of the real party in interest, nothing in the text of the rule provides a non-party a right to *join* a case on those grounds.

Thus, the plain language of Rules 15 and 17 offers Intown no assistance. Moreover, while both rules have been generously interpreted, those interpretations do not aid Intown either.

Courts have construed Rule 15 liberally to permit amendment so that claims can be adjudicated on the merits. *See, e.g.*, *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 158 (1964); *Foman v. Davis*, 371 U.S. 178, 182 (1962). If Intown had been a party to the case from the outset, a court might well have concluded that Intown's new claims based on good will and reputation, if known to Wheaton, related back to the earlier claims for physical and business damage, since all arose from the same accident. *See* Fed. R. Civ. P. 15(c)(2). But Rule 15 has its limits, and courts properly exercise caution in reviewing an application of the rule that would increase a defendant's exposure to liability. Thus, an amendment to the pleadings that drags a new defendant into a case will not relate back to the original claims unless that defendant had fair notice of them. Fed. R. Civ. P. 15(c)(3). Similarly, courts have limited the applicability of Rule 15; a motion to amend the pleadings comes too late if it unduly prejudices the opposing party. *See, e.g.*, *Hill v. BASF Wyandotte Corp.*, 782 F.2d 1212, 1214

---

[2]Transcontinental was a party, of course, and it joined in the motion to amend, but it settled with Wheaton and has taken no appeal from the district court's denial of the motion to amend.

(4th Cir. 1985); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Given these limits, judicial interpretation of Rule 15 cuts against, rather than supports, Intown's attempted use of the rule. Because Intown was not a party to the *Transcontinental* action, and had not served its own complaint in a timely manner, Wheaton had no timely notice that it faced liability above and beyond those damages sought by Transcontinental. When Wheaton finally did receive Intown's complaint, it of course learned of Intown's additional claims, but Wheaton also knew of the fatal limitations problem that barred the *Intown* action. Wheaton might well have negotiated differently or refused to settle with Transcontinental had it been confronted with viable additional Intown claims. In these circumstances, the liberality of Rule 15 runs out. *Cf. Weisgal v. Smith*, 774 F.2d 1277, 1279 (4th Cir. 1985) (treating the loss of a limitations defense as prejudice within the context of Rule 15(c)).

As for Rule 17, courts have generally seen it as having a "negative function," "enabl[ing] a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have a proper res judicata effect." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83, 84 (4th Cir. 1973). Nevertheless, as Intown points out, the Advisory Committee's Notes to both Rule 15 and Rule 17, as well as some cases, suggest that Rule 17 retains a residual affirmative purpose. The Committee explains that "[t]o avoid forfeiture of just claims," Rule 17 "provide[s] that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect" using Rule 15. Fed. R. Civ. P. 15 advisory committee's note (1966). Thus, Rule 17 is "intended to insure against forfeiture and injustice" in cases where "an honest mistake has been made in choosing the party in whose name the action is to be filed." Fed. R. Civ. P. 17 advisory committee's note (1966). In this spirit, courts have often permitted amendment under Rule 17 even late in the course of litigation. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18-21 (2d Cir. 1997); *Hill*, 782 F.2d at 1213-14; *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983); *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982); *Link*

*Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963); *see also Chicago & Northwestern Transp. Co. v. Negus-Sweenie, Inc.*, 549 F.2d 47, 50 (8th Cir. 1977). However, upon examination, neither the Advisory Committee's comments nor these cases assist Intown.

The Committee specifically cautions against abuse of Rule 17: the rule "should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the correct party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note (1966). Such was not the case here. Rather, as the district court explained in ruling that Intown's mistake had not been "understandable," Intown was represented by counsel and had notice of the *Transcontinental* action from an early date, and yet failed to seek to join the *Transcontinental* action until after the limitations problem with its own action became apparent.

Nor do the cases granting Rule 17 motions late in the proceedings aid Intown. Those courts that have permitted late amendment under Rule 17 have not exposed defendants to additional liability without notice; they have ordinarily confronted requests to exchange a plaintiff or plaintiffs for another plaintiff or plaintiffs with identical claims. *Advanced Magnetics*, 106 F.3d at 13, 20-21; *Hill*, 782 F.2d at 1213-14; *Cummings*, 704 F.2d at 438-40; *Hess*, 689 F.2d at 979; *Link Aviation*, 325 F.2d at 613-14. Courts have not permitted Rule 17 to be used late in the course of litigation if the opposing party would suffer undue prejudice. *See Whelan v. Abell*, 953 F.2d 663, 671-73 (D.C. Cir. 1992) (reversing grant of motion to amend because it came too late in the proceedings and unduly prejudiced the plaintiffs). As with Rule 15, Rule 17's liberality evaporates if amendment would unduly prejudice either party.

In sum, the plain language of Rules 15 and 17, the interpretations accorded them by the courts and the Advisory Committee on Civil Rules, and basic fairness to defendants all support the district court's denial of Intown's motion to amend. Accordingly, we cannot find that the district court abused its discretion in denying the motion.

## IV.

For these reasons, the district court's orders granting summary judgment to Wheaton in the *Intown* action and denying Intown's motion to amend in the *Transcontinental* action are

*AFFIRMED*.

LUTTIG, Circuit Judge, concurring in the judgment:

Fed. R. Civ. P. 17(a) states:

> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed *on the ground that it is not prosecuted in the name of the real party in interest* until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Emphasis added). Transcontinental's action against Wheaton, which Intown seeks to join, was *not* dismissed on the ground that it was not prosecuted in the name of the real party in interest. It was dismissed because Transcontinental and Wheaton settled. Hence, even if Intown is correct that it, and not Transcontinental, is the real party in interest, Rule 17(a) does not give Intown a "reasonable time . . . after objection" to ratify, join, or be substituted into Transcontinental's now-dismissed action. In other words, given that the suit was between Transcontinental and Wheaton and that the suit was dismissed because the two parties settled their dispute, Rule 17(a) simply cannot apply to afford Intown the relief it requests.

Nor can Intown avail itself of Rule 15(a). Intown was not a "party" to Transcontinental's action. Counsel for Transcontinental did "support" and "join" Intown's motion to amend. J.A. 167, 168. But even if this support and joinder could somehow convert Intown's motion into one by Transcontinental itself, once a party has settled and voluntarily dismissed a case, that party's motions to amend are moot. *See*, *e.g.*, *Florida Country Clubs, Inc.* v. *Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.*, 98 F. Supp. 2d 1356, 1362 (M.D. Fla. 2000).

Because the text of neither Rule 15 nor Rule 17 give Intown a right to join Transcontinental's action against Wheaton, I concur in the judgment.