**LIVE ENTERTAINMENT, INC. d/b/a Maverick Digital Plaintiff,**

v.

**DIGEX, INC., Defendant.**

**No. 01–7663–CIV**

United States District Court,
S.D. Florida.

Nov. 12, 2003.

---

David H. Brodie, Daniel Adam Miller, Mandel, Weisman, Heimberg, Brodie & Griffin, P.A., Boca Raton, FL, for Plaintiff Live Entertainment, Inc. and Third Party Intervenor Maverick Limited, Inc.

Ira T. Kasdan, Carl F. Lettow, Douglas P. Lobel, Joseph F. Yenouskas, Kelley Drye & Warren LLP, Vienna, VA, Peter

W. Homer, Gregory J. Trask, Homer & Bonner, P.A., Miami, FL, for Defendant Digex, Inc.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDG-MENT & FINAL JUDGMENT

COHN, District Judge.

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment [DE # 39], Non–Party Maverick Limited, Inc.'s Motion to Intervene and Substitute as Party Plaintiff [DE # 45], and Plaintiff's Cross–Motion for Substitution of Party Plaintiff Pursuant to Rule 17(a) [DE # 46]. The Court has carefully considered the motions, oral argument on the motions, and the entire file of this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Defendant Digex, Inc. ("Digex") removed this action for breach of contract and an accounting filed in state court by Plaintiff Live Entertainment, Inc. ("Live Entertainment") against Digex on October 29, 2001. In its Complaint, Live Entertainment alleged that Digex had failed to pay commissions due to Live Entertainment pursuant to an "Authorized Alliance Partnership Agreement" ("Agreement") and the Addendum thereto ("Addendum") between Digex and an entity described as Maverick Digital which Live Entertainment claimed as its "d/b/a" in its Complaint.

Defendant Digex has moved for summary judgment on the ground that Live Entertainment lacks standing to bring these claims because it was neither a party to, nor the lawful assignee of the Agreement, which in fact was executed between Digex and a completely third party, Mav-

erick Limited, Inc. ("Maverick Limited"). (DE # 39).[1]

In response to Defendant's Motion for Summary Judgment and in its Cross–Motion for Substitution of Party Plaintiff Pursuant to Rule 17(a), Live Entertainment expressly *concedes* that it lacks standing and that it is not the proper party in interest in this action because the Agreement was never lawfully assigned from Maverick Limited to Live Entertainment. (DE # 46 at 2–4). However, Live Entertainment goes on to argue that "[t]his does not, however, authorize dismissal of the Complaint. To the contrary, even though Live Entertainment, Inc. is not the proper party to maintain this action due to the failed Assignment, Rule 17(a), Fed. R.Civ.P. *prohibits* dismissal until Maverick Limited . . . be afforded a reasonable time be substituted in lieu of Live Entertainment as the Plaintiff." (DE # 46 at 4–5).

In synch with Live Entertainment's motion for substitution, Maverick Limited itself has moved to intervene and substitute as party Plaintiff in this case because it, and not Live Entertainment, is the real party in interest because the attempted assignment from Maverick Limited to Live Entertainment failed as a matter of law. (DE # 45). Maverick Limited asserts that Maverick only recently became aware that the assignment was invalid and that "this Court must afford Maverick, as the real party in interest, the right to be substituted in place of Live Entertainment, Inc. as the Plaintiff in these proceedings before this Court may dismiss the Complaint due to Live Entertainment, Inc.'s not being the proper party." (DE # 45 at 4).

Digex counters that the Court should deny the separate applications for nonparty Maverick Limited to intervene and substitute into this case on the basis that Live Entertainment and Maverick Limited simply have not demonstrated why Maverick Limited should be allowed at this late stage to intervene and be substituted as the Plaintiff when they knew or should have known over five years ago that the faulty attempted assignment from Maverick Limited to Live Entertainment was defective. According to Digex, neither Maverick Limited nor its counsel can demonstrate, as required by Rule 17(a), that there has been an "honest" or "understandable" mistake to allow Maverick Limited to be substituted at this late stage. (*See* DE##59 & 60).

## II. *DISCUSSION*

### A. *Summary Judgment*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After the movant has met its burden under Rule 56(c), the burden shifts to the nonmoving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark,* 929 F.2d at 608.

---

1. Digex also argues that summary judgment is warranted because Live Entertainment's affirmative allegations make clear that it has brought its claims well outside the contractually agreed one year limitations period. This Court does not reach this alternative argument for granting summary judgment.

The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted) (if the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted"); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). Any doubts in this regard should be resolved against the moving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

█ In this case, Defendant Digex argues that summary judgment is warranted in its favor because Live Entertainment lacks standing since it was neither a party to, nor the lawful assignee of the Agreement which is being sued upon. (DE # 39). In its summary judgment response, Live Entertainment expressly *admits* that it lacks standing and that it is not the proper party in interest in this action because the Agreement was never lawfully assigned from Maverick Limited to Live Entertainment. (DE # 46 at 2–4). Under these circumstances, and pursuant to Federal Rule of Civil Procedure 56(c),

summary judgment should be granted in favor of the Defendant Digex.[2]

## B. *Substitution*

The real issue before the Court is whether non-party Maverick Limited should be substituted in place of Live Entertainment, Inc. as the real party in interest Plaintiff in these proceedings before Live Entertainment's case against Digex is dismissed on summary judgment. Rule 17(a) of the Federal Rules of Civil Procedure is "intended to prevent forfeiture when determination of the correct party to sue is difficult or when *an understandable mistake has been made.*" Fed.R.Civ.P. 17 Advisory Committee note (1966) (emphasis added). Specifically, Rule 17(a) provides in pertinent part as follows:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a).

Defendant Digex focuses its opposition to substitution on the argument that there has been no "honest" or "understandable" mistake on the part of Live Entertainment and its counsel in filing this lawsuit. Specifically, Digex argues that both Live Entertainment's principal, Mark Lauer a/k/a Mark Trockl, and Maverick Limited's principal, Wayne Santini, knew, or as principals should have known, for years before Live Entertainment filed this suit that the attempted assignment of the Agreement

---

**2.** *See also* S.D. Fla. L.R. 7.5 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement").

from Maverick Limited to Live Entertainment had failed when on February 5, 1999, the Broward County Circuit Court dismissed the petition to approve the assignment. Thus, Digex's position is that Live Entertainment *and* Maverick Limited knew, or should have known, that the proper party to bring the claim all along was Maverick Limited—a corporation which was administratively dissolved in October, 1998, prior to Live Entertainment filing this lawsuit in 2001, but which was reinstated on August 1, 2003. *See* DE##39 Ex. D, 59,60, 74, 83, & 84; *see also* http://www/sunbiz.org.

The Court agrees that the record demonstrates that this case does not appear to be one involving an honest or understandable mistake of the kind generally warranting substitution of parties pursuant to Rule 17(a). *See, e.g. Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.,* 271 F.3d 164, 169 (4th Cir.2001) ("The Committee specifically cautions against abuse of Rule 17: the rule 'should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the correct party to sue is difficult or when an understandable mistake has been made.' Fed.R.Civ.P. 17 advisory committee's note (1966). Such was not the case here. Rather, as the district court explained in ruling that Intown's mistake had not been 'understandable,' Intown was represented by counsel and had notice of the *Transcontinental* action from an early date, and yet failed to seek to join the *Transcontinental* action until after the limitations problem with its own action became apparent"); *United States v. CMA, Inc.,* 890 F.2d 1070, 1074 (9th Cir. 1989) ("Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited be-

cause of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period. B & K's assignment to the Wulffs of its claim against CMA cannot ratify the Wulffs' commencement of suit on a claim which theretofore did not exist"); *Feist v. Consolidated Freightways Corp.,* 100 F.Supp.2d 273, 274 (E.D.Pa.1999) (plaintiff's filing of suit in his own name after his Chapter 7 case was closed, after having failed to list injury claim as estate asset, was not result of honest mistake, and thus warranted dismissal rather than substitution of bankruptcy trustee as real party in interest); *Automated Information Processing, Inc. v. Genesys Solutions Group, Inc.,* 164 F.R.D. 1, 3 (D.C.N.Y.1995) ("Neither rule providing that leave to amend should be freely given 'when justice so requires' nor rule permitting substitution of real party in interest when necessary to avoid injustice permitted substitution of newly formed corporation as plaintiff after it was discovered that corporation that originally brought action had been dissolved; information concerning corporation's nonexistence was within its purported president's responsibility and ability to ascertain, and his affidavit provided only brief explanation for his claimed unawareness of corporation's failure to pay its taxes and resulting lapse of its existence years before matters in dispute occurred").

However, the Court does not rest its holding on Rule 17(a) but rather on the fact that Live Entertainment has admitted that it lacks standing in this case. There is a distinction between questions of Article III standing and Rule 17(a) real party in interest status. *See Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1291–92 (11th Cir.2003) (trustee had standing *and* was real party in interest: "It is undisputed that [plaintiff's] employment discrimination claims satisfy all of [the Article III standing] requirements. The issue is real-

ly about who can litigate the claim, [plaintiff] or the Trustee"); *Gonzalez ex rel. Gonzalez v. Reno,* 86 F.Supp.2d 1167, 1180–84 & n. 18 (S.D.Fla.2000) (resolution of [the Rule 17] issue first requires that Plaintiff has standing under Article III .... the issue of capacity to initiate proceedings before an administrative agency is distinct from standing and related concepts in the context of a claim brought in federal court. Defendants urge the Court to "recognize these two separate concepts as indistinguishable, and this represents a fundamental flaw in the premise of their argument on standing and capacity to sue in federal court .... The concepts of a plaintiff's standing to sue and his status as the real party in interest are interrelated, yet conceptually distinct"; "the real party in interest examination is similar to the Article III standing question. The notable distinctions are somewhat academic, but include the following; (1) standing requires a glance at the merits in order to establish injury in fact ...; (2) standing cannot be waived; and (3) a court may challenge a plaintiff's standing *sua sponte*") (*citing* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1542, at 330–33 (2d ed.1990)) [3]; *see also U.S. v. 936.71 Acres of Land, More or Less, in Brevard County, State of Fla.,* 418 F.2d 551, 556 (5th Cir.1969) ("Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases and cases like the present one, are determined by state law. The authorities agree, moreover, that a party has no standing to assert a right if it is not his own"; finding that plaintiff was not the real party in interest *and* that she lacked standing to make the claim); *cf. Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1308 (Fed.Cir.2003) (although corporation had capacity to sue under Florida law, state corporate revival statute could not retroactively confer Article III standing on corporation; "regardless of whether the appellant had capacity to sue, it must establish that it had standing under Article III of the Constitution at the time it filed suit").

Often the distinction between whether a party has Article III standing and whether the party is a real party in interest under Rule 17(a) is blurred in opinions examining the issue. However, a close reading of such opinions in the Eleventh Circuit reveal that the elements of Article III standing do appear to exist. *See Seckler v. Star Enterprise,* 124 F.3d 1399, 1406 (11th Cir. 1997) ("In order to demonstrate that he is a real party in interest, Seckler must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit .... Clearly, Seckler has satisfied that test. He has alleged that Star's conduct caused him to sell his home for less than its fair market value, and that he has suffered emotional and mental distress as a result. He personally relied on Star's representations regarding its intention to sell the station, and Star was aware of this. We conclude that Seckler has standing to pursue his pendant state law claims against Star"); *Delta Coal*

**3.** The *Gonzalez* Court further explained: "One line of cases acknowledges the similarity between the standing and real party in interest inquiries, and advances the idea that 'once a party is found to have standing to raise a constitutional point, that ruling disposes of any real party in interest objections as well.' .... However, another line of reasoning requires a named plaintiff to demonstrate that he is a real party in interest—regardless of the fact that he has satisfied the Article III constitutional requirements for standing .... Adopting the more rigorous requirement, the Court finds that Plaintiff not only has standing, but is a real party in interest." *Gonzalez,* 86 F.Supp.2d at 1180–84 & n. 18.

*Program v. Libman,* 743 F.2d 852, 855 (11th Cir.1984) ("Delta's status as representative of the co-owners' interests, combined with its allegations of injury in fact to those interests, suffices to pass the minimal test required for invoking the court's jurisdiction .... A district court does not exceed its power when it takes jurisdiction over a controversy, even if not brought by the real party in interest, as long as there exists a substantial identity of interest between the original plaintiff and the true party in interest, and as long as the pleadings set forth the facts upon which the real party would base its invocation of the court's jurisdiction in its own right"); *see also University Creek Associates, II, Ltd. v. Boston American Financial Group, Inc.,* 100 F.Supp.2d 1337, 1339–40 (S.D.Fla.1998) (" 'Standing is similar to the real party in interest rule inasmuch as both terms are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits.' 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 1542 (2d ed. Supp.1998)"; ultimately finding on motion to dismiss that standing existed where assignment to plaintiff was found to be valid).[4]

█ A plaintiff has Article III standing to assert a claim if: "(1) [it] can show that [it] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Barger,* 348 F.3d at 1291–92 *(citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Kelly v. Harris,* 331 F.3d 817, 819–20 (11th Cir.2003)). Article III standing, like other bases of jurisdiction, generally must be present at the inception of the lawsuit. *See Lujan,* 504 U.S. at 570 n. 5, 112 S.Ct. 2130.

The Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits of the U.S. Constitution. *See* 28 U.S.C. § 2072(b).[5] Accordingly, Rule 17(a) must be read with the limitation that this Court must at a minimum have subject matter jurisdiction over the original claims.

█ In this case, the Court holds that because Live Entertainment has admittedly suffered no injury in fact by the Defendant as a result of the alleged breach by Digex of the Agreement between Digex and Maverick Limited, (DE # 46 at 2–4), Live Entertainment has no standing to bring this action and no standing to make a motion to substitute the real party in

---

4. *Cf. Jackson Mfg. Co. of Miss. v. U.S.,* 434 F.2d 1027, 1029 (5th Cir.1970) (where three lenders advanced money in consideration of a deed of trust and an "Assignment as Collateral Security" but counsel for convenience used the name of only one lender on the deed and assignment, such lender had standing as the real party in interest under federal rule, consistently with Mississippi state law allowing recovery by third-party beneficiaries, to assert the claim on behalf of all three lenders; "Under Rule 17(a), Patridge, as the 'real party in interest,' clearly had standing to bring the claim for the total amount in his own name for his own benefit and that of Brooks and King").

5. *See also Pressroom Unions–Printers League Income Sec. Fund v. Continental Assur. Co.,* 700 F.2d 889, 893 n. 9 (2nd Cir.1983) ("Appellant also claims that the district court was foreclosed from dismissing its complaint pursuant to Fed.R.Civ.P. 17(a) .... This argument, however, ignores the fact that the action was not dismissed for failure to name the real party in interest, but rather because the district court had no jurisdiction over the suit. Rule 17(a) does not, of course, expand the jurisdiction of the federal judiciary. *See* Fed.R.Civ.P. 82.").

interest. *Cf. Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir.1981) (holding that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action").

This holding is further supported by the Advisor Committee Notes to Rule 17(a):

[This provision] does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. *It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period.*

Fed.R.Civ.P. 17 Advisory Committee's Notes (emphasis added). The facts in this case are analogous to the last example illustrated by the Advisory Committee to the extent that, in this case, the action was filed in the name of Live Entertainment when Live Entertainment "had no claims whatsoever against the [Defendant], and no Article III standing to sue." *Zurich Insurance Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir.2002) (mistakenly named insurer lacked standing to bring action and thus to move to substitute real party in interest).[6]

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1.  Defendants' Motion for Summary Judgment [DE # 39] is hereby **GRANTED**.  The Complaint is hereby **DISMISSED** without prejudice.

2.  Plaintiff's Cross–Motion for Substitution of Party Plaintiff Pursuant to Rule 17(a) [DE # 46] and Non–Party Maverick Limited, Inc.'s Motion to Intervene and Substitute as Party Plaintiff [DE # 45] are hereby **DENIED**.[7]

3.  Judgment is hereby entered in favor of Defendant Digex, Inc. and against Plaintiff Live Entertainment, as is stated above.  Plaintiff shall take nothing by this action and Defendant shall go hence without day.

4.  This action is hereby **DISMISSED** without prejudice;

5.  Any other pending motions are hereby denied as **MOOT**;

---

6.  In *Zurich Insurance Company,* the concurrence pointed out that the plaintiff insurer, Zurich Insurance, and the insurance company that it sought to substitute as the real party in interest, American Guarantee, were "sister companies that are only connected with one another by the common owner they share" and so "a financial injury to American Guarantee would have little or no effect on Zurich Insurance.  As a result, Zurich Insurance has not been shown to have suffered any injury from American Guarantee's losses on the [in-surance] policy." *Zurich Insurance Co.,* 297 F.3d at 533–34 (concurrence agreeing "with the court's conclusion that Zurich Insurance lacked Article III standing to move for a substitution of the real party in interest under Rule 17(a)").

7.  Once Plaintiff Live Entertainment's action has been dismissed, there is no action into which third party Maverick Limited can intervene pursuant to Federal Rule of Civil Procedure 24.

6. The Clerk of the Court is directed to **CLOSE** this case.